PORTLAND STEAMSHIP OPERATORS'
ASSOCIATION, *Petitioner,*
*v.*
COOS BAY PILOTS' ASSOCIATION
et al, *Respondents.*
(No. CA 12204)
592 P2d 1060

Elizabeth K. Reeve, Portland, argued the cause for petitioner. With her on the brief were Souther, Spaulding, Kinsey, Williamson & Schwabe, and Kenneth E. Roberts and Ridgway K. Foley, Jr., Portland.

Leslie M. Roberts, Portland, argued the cause for respondent Coos Bay Pilots' Association. With her on the brief was Clifford B. Alterman, Portland.

James A. Redden, Attorney General, and Al J. Laue, Assistant Attorney General, Salem, waived appearance for respondent Board of Pilot Commissioners.

Before Schwab, Chief Judge, and Thornton and Buttler, Judges.

BUTTLER, J.

**BUTTLER, J.**

This appeal is from a contested agency hearing before the Oregon Board of Pilot Commissioners (Board), which Board granted an increase in the tariff for piloting vessels in Coos Bay. The appellant, Portland Steamship Operators (Operators), protested before the Board the size of the increase sought by the Coos Bay Pilots Association (Pilots). The Operators had negotiated with the Pilots for a 21% increase, the Pilots sought an increase of approximately 50%, and the Board granted a 28% increase in the income the Pilots derive from the tariffs.

The Operators seek judicial review of the Board's order, claiming that the Board failed to give adequate consideration to the lower workload of the Pilots as compared to the Columbia River and Columbia Bar Pilots, and failed to consider the income that each Pilot receives as shareholder and officer in the Coos Bay Tugboat Company. The Tugboat Company provides transportation to and from vessels, as well as tugboat service, for which it charges the Pilots Association a monthly fee. The fee so paid is an expense of the Pilots, which, in turn, affects the tariff rates for pilotage.

■  This being a contested agency hearing under ORS 183.482, we may not reverse or remand unless the order is not supported by substantial evidence in the whole record, or the order is unlawful in substance or procedure. Since the Operators do not challenge the findings of the Board, our inquiry is limited to whether the order is unlawful in substance. We find nothing unlawful in substance, and affirm the order.

■  The Operators do not contend that the Board did not consider the actual number of hours the Coos Bay Pilots work piloting vessels as compared to the workload of other Oregon pilots. They contend only that the Board did not give "due regard" to that factor. Clearly, the Board considered that factor and many others. We have no way of knowing how much weight the Board

gave the various factors, and it is not for us to determine how much it should give any one factor.[1] The balancing of the various considerations involved is a matter of expertise for the Board to which the legislature has delegated this function.

■ For example, the Board considered the need to maintain a sufficient force of Pilots continuously available to move ships. As was stated in the Board's findings: "A ship operator cannot expect the pilotage costs to be as low at a port with less calls as compared to a port with a higher volume of ship calls and have immediate pilotage service." Maintaining a sufficient force of pilots to insure immediate competent pilotage service during peak traffic bestows a desired economic benefit on the ship operators. The cost of delay for want of a pilot can run as high as $30,000 per day.

The record discloses that the Board considered the number of hours worked by the Coos Bay Pilots as compared to hours worked by pilots in other areas, and in reaching its decision discounted the increase in the tariff because of that differential.

■ The Operators' contention that the Board erred in refusing to consider the income derived by the pilots from the Coos Bay Tugboat Company in setting the tariff does not stand up under scrutiny. There is no contention that the arrangement between the Pilots and the Tugboat Company is invalid, improper or against public policy; it is conceded that the monthly charge for the services rendered is reasonable and that

---

[1] ORS 776.115(7) provides:

"(7) In fixing fees pursuant to subsection (6) of this section, the board shall give due regard to the following factors:

"(a) The length and net tonnage of the vessels to be piloted.

"(b) The difficulty and inconvenience of the particular service and the skill required to render it.

"(c) The supply of and demand for pilotage services.

"(d) the public interest in maintaining efficient, economical and reliable pilotage service.

"(e) Other factors relevant to the determination of reasonable and just rates."

[516]

those services are reasonably necessary. It was also conceded at oral argument that other outside income of the Pilots is irrelevant. The findings indicate that the Tugboat Company has a substantial investment and that it is entitled to a return thereon.

The Board concluded that the Tugboat company was not a subterfuge for additional pilotage income and that the tugboat services were not part of pilotage. The power of the Board is to "regulate every service performed by a pilot as a pilot in accordance with his license." *Powell v. State Board of Pilot Commissioners*, 224 Or 122, 131, 355 P2d 224 (1960). On this record, we cannot say that the Board's conclusion not to consider this outside income in setting the tariff was wrong as a matter of law.

The record demonstrates that the Board considered all relevant factors in arriving at its decision. The order being supported by substantial evidence in the whole record, and not being unlawful in substance, this court cannot substitute its judgment for that of the Board.

Affirmed.