Argued and submitted November 26, 1979, affirmed March 17,
reconsideration denied April 24,
petition for review denied July 2, 1980 (289 Or 337)

# CITY OF PORTLAND ENGINEERING EMPLOYEES ASSOCIATION,
*Petitioner,*

*v.*

# CITY OF PORTLAND, et al,
*Respondents.*

## (No. C-69-78, CA 15075)

608 P2d 183

William F. Greer, Jr., Tualatin, argued the cause for petitioner. With him on the brief was Erickson & Greer, Tualatin.

Darrell L. Cornelius of Carney, Probst & Cornelius, Portland, argued the cause for respondent International Union of Operating Engineers, Local 87. With him on the brief was Richard Braman, Deputy City Attorney, Portland, who argued the cause for respondent City of Portland.

Walter L. Barrie, Solicitor General, Salem, waived appearance for respondent Employment Relations Board.

Before Tanzer, Presiding Judge, and Thornton and Campbell, Judges.

TANZER, P. J.

## TANZER, P. J.

The City of Portland Engineering Employees Association (Association), desiring to become the certified representative of a group of City of Portland employes, petitioned the Employment Relations Board to hold a representation election. The petition alleged that operating engineers, operating engineer apprentices and building maintenance mechanics employed in the City's departments of public works and public utilities constitute a unit appropriate for the purpose of collective bargaining. It was further alleged that at least 30 percent of the employes in that proposed unit assert that their present representative, International Union of Operating Engineers Local 87, is no longer representative of the majority of them and that they desire that the Association represent them.[1] The Board concluded that the unit of employes petitioned for is not an appropriate bargaining unit, and ordered the petition dismissed. The Association appeals, and we affirm.

The Board found that at the time of the hearing on the Association's petition, the City was a party to a collective bargaining agreement it had negotiated with the District Council of Trade Unions (DCTU), a labor organization that represents a 12-union consortium engaged in joint bargaining with the City. Local 87 is a member of that consortium. The DCTU has bargained on behalf of the consortium since 1969, when it was recognized by the City as the consortium's bargaining agent. The Board concluded that time and

---

[1] OAR 115-13-005(1) provides:

"A petition for certification of public employe representative may be filed * * * by any labor organization claiming that 30 percent of the employes in a bargaining unit assert that the designated exclusive representative is no longer the representative of the majority of the employes in the bargaining unit and that they want the petitioning labor organization to represent them."

The Board's rule combines ORS 243.682(2)(a) and (b), two of the four statutory "questions of representation" which establish the grounds required by ORS 243.682(3) for conducting a representation election under ORS 243.686.

experience have demonstrated that the joint bargaining arrangement has functioned well for all concerned and that the subgroup which the Association seeks to represent therefore would not constitute an appropriate bargaining unit.

> "* * * [I]t would not effectuate statutory policies to permit the Association to sever a unit of operating engineers from an existing larger bargaining unit represented by the DCTU. While it is true that the parties' bargaining history * * * reveals that the subject employes have attempted to maintain some separate identity during the 10-year inclusion in the broader unit, this Board is of the opinion that they do not possess a community of interest sufficiently separate from that of the other employes so as to warrant the establishment of a separate bargaining unit. * * *"

The Association argues that no question concerning "the establishment of a separate bargaining unit" is presented by its petition, because the group it seeks to represent was recognized by the City in 1969 as a "bargaining unit,"[2] and did not lose its status as such by merely joining with 11 other unions in cooperatively bargaining with the City. The Association contends that the issue before the Board was whether there were grounds for a representation election, not whether the unit petitioned for was appropriate for the purpose of collective bargaining.

Before an election can be ordered, an appropriate bargaining unit must be determined. The provision for holding an election to resolve questions of representation is ORS 243.682(3):

> "* * * [I]f the board finds in a hearing conducted pursuant to subsection (2) of this section that a ques-

---

[2] The Code of the City of Portland, Oregon (City Code), ch 4.40, is parallel in many respects to the collective bargaining provisions in ORS 243.650 *et seq.* City Code section 4.40.010 defines a "bargaining unit" as:

> "* * * a distinct and homogenous group of city employees recognized by the city council, or designated by the State Board, as appropriate for representation by a labor organization for the purpose of collective bargaining. The group may include all city employees, city employees in a particular department, bureau or office, or city employees in a particular trade, craft or occupation, whether for the city as a whole or any part thereof."

tion of representation exists, it shall conduct an election * * *."

The questions of representation alleged in the petition are those described in ORS 243.682(2)(a) and (b), (*see* note 1, *supra):*

"If a question of representation exists, the board shall

"* * * * *

"(2) Investigate and conduct a hearing on a petition that has been filed by:

"(a) A labor organization alleging that 30 percent of the employes in an *appropriate bargaining unit* desire to be represented for collective bargaining by an exclusive representative; [or]

"(b) A labor organization alleging that 30 percent of the employes in an *appropriate bargaining unit* assert that the designated exclusive representative is no longer the representative of the majority of the employes in the unit." (Emphasis added.)

Thus, representation elections are mandated by ORS 243.682(3) to resolve the kind of representation issues alleged by the Association only when those issues concern employes in an "appropriate bargaining unit," defined as "the unit *designated by the board* to be appropriate for the purpose of collective bargaining" (emphasis supplied). ORS 243.650(1). The Board is not bound by any earlier determination by the City under the City Code, section 4.40.080, that the unit petitioned for is a "bargaining unit" and is therefore "appropriate for representation by a labor organization for the purpose of collective bargaining." *See LaGrande/Astoria v. PERB,* 281 Or 137, 576 P2d 1204 (1978). Nor is the determination for the court. We held in *OSEA v. Deschutes County,* 40 Or App 371, 376, 595 P2d 501 (1979):

"Under ORS 243.682(1), the power to determine whether a group of employees is appropriate for a bargaining unit is vested in ERB [*i.e.,* the Board], and the statute presumes ERB to have expertise. So long as the record taken as a whole, shows that the Board

has applied the statutory criteria in making its determination and has supported it with adequate findings, we will defer to their expertise. The weight to be given the various criteria in a given case is for ERB, not this court." (Citation omitted.)

The statutory criteria for determining whether a group of employes constitutes an appropriate bargaining unit are found in ORS 243.682(1):

"* * * community of interest, wages, hours and other working conditions of the employes involved, the history of collective bargaining, and the desires of the employes. * * *"

In its order, the Board recounted the history of collective bargaining over the last decade between the City and the DCTU, and the range of issues negotiated by the parties and settled by the resulting master agreement and made its determination based on the statutory criteria. Without setting out the details, we find there is ample support for the Board's determination that the unit described in the Association's petition is not an appropriate bargaining unit.

This case involves no question of the status of the larger bargaining unit or of the DCTU as bargaining agent for it. The issue here is whether the group described by the Association in its petition is an appropriate bargaining unit, and we uphold the Board's determination that it is not. *OSEA v. Deschutes County, supra.*

Affirmed.