Argued March 24, appeal dismissed May 5, 1975

KLAMATH COUNTY, *Petitioner,* *v.* LABORERS
INTERNATIONAL UNION OF NORTH AMERICA,
LOCAL NO. 915 ET AL, *Respondents.*
534 P2d 1169

282

*Lester V. Smith, Jr.,* Portland, argued the cause and filed the brief for petitioner.

*Mike Dye,* Salem, argued the cause for respondent Laborers International Union of North America, Local No. 915, a Labor Organization. With him on the brief were Dye & Olson, Salem.

No appearance for respondent Public Employe Relations Board.

Before SCHWAB, Chief Judge, and FORT and THORNTON, Judges.

SCHWAB, C. J.

This is an appeal from a determination by the Public Employe Relations Board (PERB) that the employes in the Klamath County assessor's office constitute an appropriate bargaining unit under ORS 243.682[1] for the purpose of electing an exclusive rep-

---

[1] "If a question of representation exists, the board shall:

"(1) Upon application of a public employer, public em-

resentative to bargain collectively on their behalf with their employer. The case arose when respondent, Laborers International Union of North America, Local 915, filed a petition with PERB pursuant to ORS 243.682(2) alleging that a substantial number of the employes in a proposed bargaining unit desired to be represented by Local 915 for the purposes of collective bargaining with their employer. The proposed bargaining unit was made up of all of the employes in the Klamath County assessor's office, excluding elected

---

ploye or a labor organization, designate the appropriate bargaining unit, and in making its determination shall consider such factors as community of interest, wages, hours and other working conditions of the employes involved, the history of collective bargaining, and the desires of the employes. The board may determine a unit to be the appropriate unit in a particular case even though some other unit might also be appropriate.

"(2) Investigate and conduct a hearing on a petition that has been filed by:

"(a) A labor organization alleging that 30 percent of the employes in an appropriate bargaining unit desire to be resented for collective bargaining by an exclusive representative;

"(b) A labor organization alleging that 30 percent of the employes in an appropriate bargaining unit assert that the designated exclusive representative is no longer the representative of the majority of the employes in the unit;

"(c) A public employer alleging that one or more labor organizations has presented a claim to the public employer requesting recognition as the exclusive representative in an appropriate bargaining unit; or

"(d) An employe or group of employes alleging that 30 percent of the employes assert that the designated exclusive representative is no longer the representative of the majority of employes in the unit.

"(3) Except as provided in ORS 243.692, if the board finds in a hearing conducted pursuant to subsection (2) of this section that a question of representation exists, it shall conduct an election by secret ballot, at a time and place convenient for the employes of the jurisdiction and also within a reasonable period of time after the filing has taken place, and certify the results thereof." ORS 243.682.

officials and supervisors. Klamath County filed objections to the composition of the proposed unit. After a hearing, PERB designated the proposed unit as an appropriate bargaining unit and ordered an election to determine whether the members of this bargaining unit wished to be represented by Local 915. Petitioner, Klamath County, appeals from this designation contending that for various reasons the proposed unit is not an appropriate one.

The threshold question is whether PERB's determination that a group of employes constitutes an appropriate bargaining unit is an appealable order. Appeals from PERB actions are governed by the Oregon Administrative Procedures Act, specifically ORS 183.480(1)(a), which provides:

"Any person adversely affected or aggrieved by an order or any party to an agency proceeding is entitled to judicial review of a final order, whether such order is affirmative or negative in form, under ORS 183.480, 183.490 and 183.500. A petition for rehearing or reconsideration need not be filed as a condition of judicial review unless specifically otherwise provided by statute or agency rule."

We first must determine whether the designation of an appropriate bargaining unit by PERB constitutes a "final order," as specified in ORS 183.-480(1)(a). To do so we start by looking at the entire procedure for certifying bargaining agents which is set out in the public employes' relations statutes (ORS ch 243) and the PERB rules in order to determine the nature of PERB's action in this case.

A petition for certification of an exclusive bargaining representative of an appropriate bargaining unit may be filed with PERB by (1) a labor organization alleging that 30 percent of the members of an appropriate bargaining unit either desire to be rep-

resented by an exclusive representative or believe that the designated exclusive representative no longer represents the majority of the members of the unit, (2) a public employer alleging that one or more labor organizations has requested recognition by the employer as exclusive bargaining representative of a group of its employes, or (3) one or more employes alleging that 30 percent of the employes in their existing bargaining unit feel that their exclusive representative no longer represents the majority of employes in the unit. ORS 243.682; OAR 115-13-005. This petition must contain a description of the bargaining unit claimed to be appropriate. OAR 115-13-010(1)(b). The executive secretary of PERB then "determines the adequacy" of the 30 percent showing of interest contained in the petition where such showing of interest is required, OAR 115-13-020, and if this showing of interest is determined to be "adequate," the executive secretary issues notice of the petition to be posted in the work areas of the employes in the existing or proposed bargaining unit (OAR 115-13-035). Any labor organization which desires to "intervene as a candidate for representative" of a proposed unit may file a representation petition supported by a showing of interest on the part of 10 percent of the employes in the proposed unit. OAR 115-13-045. Also, any interested party who wishes to object to the appropriateness of the proposed unit, the positions to be included in the unit, or has any other objection to the conduct of an election may file an objection to the petition with PERB. OAR 115-13-035. If the parties are all in agreement as to "the composition of the bargaining unit and the organizations to be placed on the ballot," they may consent in writing to the holding of an election without a prior hearing. The bargaining unit agreed to by the parties is deemed appropriate unless PERB rules otherwise within 15 days. OAR 115-13-040.

If there is disagreement concerning either of the above issues, a hearing is held. This hearing, under PERB rules, is "investigatory and not adversary. * * * [Its] purpose is to develop a full, factual record to be considered by the board." OAR 115-13-060. After this hearing if PERB designates an appropriate bargaining unit a secret-ballot election takes place at which the members of the designated bargaining unit vote for one of the listed labor organizations, or for no representation. Up until five days before the election, a labor organization can have its name removed from the ballot. If none of the choices on the ballot receives a majority of the votes cast, a runoff election is held. Within five days of the election, any party may file an objection with PERB challenging the conduct of the election or challenging certain ballots. A hearing may be held on the objection. After any disputes arising out of the election have been resolved, PERB must certify the results of the election. ORS 243.682 - 243.686. OAR 115-13-070. If a representative is elected by the members of the bargaining unit, the employer is obligated to bargain collectively in good faith with that representative. If he refuses to do so, the employer can be charged with an unfair labor practice under ORS 243.672(1)(e).

From the above discussion it is evident that the designation of an appropriate bargaining unit is but one step in a procedure which requires many decisions by PERB, and by itself, the designation has no legal consequences. Only when an exclusive bargaining agent is certified does the designation of the bargaining unit begin to affect the employer. If, for example, an election is never held because all of the proposed bargaining representatives withdraw as allowed by OAR 115-13-070(3), or if the majority of the employes in the proposed bargaining unit vote for no representation, the designation of the appropriate

bargaining unit will have no effect on the employer, or on future PERB actions. *See, Connecticut Light and Power Company v. Leedom,* 174 F Supp 171 (DC Cir 1959); *United Insurance Company of America v. N.L.R.B.,* 272 F2d 446 (7th Cir 1959).

The Oregon Administrative Procedures Act contains no definition of a final order. In the general law, "final order" is defined as follows:

"* * * One of the tests in determining whether a judgment or decree is final is: 'If no further action of the court is required to dispose of the cause, it is final.' Other tests are: Is the order or decree one which determines the rights of the parties so that no further questions can arise before the court rendering it, except such as are necessary to be determined in carrying it into effect, or is the judgment or decree 'one which concludes the parties as regards the subject-matter in controversy in the tribunal pronouncing it'? * * *." *Winters et al v. Grimes et al,* 124 Or 214, 216-17, 264 P 359 (1928).

This definition has previously been adopted by this court to determine the appealability of orders of the Workmen's Compensation Board. *Hammond v. Albina Engine & Mach.,* 13 Or App 156, 509 P2d 56 (1973); *Hiles v. Compensation Department,* 2 Or App 506, 470 P2d 165 (1970). We apply the same definition here. Since (1) the designation of an appropriate bargaining unit is but one step in the process of certifying a bargaining agent with whom the employer is obligated to bargain, (2) several other actions by PERB are necessary to complete the process, and (3) the designation could be of no effect if the employes vote for no representation, we hold that the designation of an appropriate bargaining unit is not a "final order" as the term is used in ORS 183.480.

This decision is in accord with the results reached

by the federal courts under the National Labor Relations Act. 29 USC § 151 et seq. Although the Oregon public employes' relations statutes and the National Labor Relations Act are not identical, there is a substantial amount of similarity between the language and procedures dealing with unfair labor practices and certification of bargaining agents which are contained in ORS ch 243 and those contained in the National Labor Relations Act. *See,* 29 USC §§ 158-160, ORS 243.672-243.692. Although the legislative history of ORS ch 243 is not specific on this point, the similarity between parts of the two statutes indicates that federal decisions interpreting the NLRA be given some weight in interpreting similar sections of the Oregon statute.

Review of decisions made by the National Labor Relations Board under the NLRA is provided for in 29 USC § 160(f) which states that "Any person aggrieved by a *final order* of the Board granting or denying in whole or in part the relief sought may obtain a review of such order * * *." (Emphasis supplied.) The Supreme Court has held that the designation by the NLRB of an appropriate bargaining unit is not a "final order" within the meaning of 29 USC § 160(f). *Boire v. Greyhound Corp.,* 376 US 473, 84 S Ct 894, 11 L Ed 2d 849 (1964).

■ Under ORS 183.480(1)(c) an order may be appealed even though it is not a final order provided that (1) there is a showing that the agency acted without probable cause, or (2) the party appealing will suffer irreparable injury if relief is not granted at that point. Neither of these provisions is applicable here. There is no showing that PERB acted without probable cause. The employer does not lose his right to raise objections he may have to the representation proceedings. After certification of a representative, the employer by refusing to bargain may

"invite" an unfair labor practice complaint, ORS 243.672(1)(e). In the hearing on such a complaint the employer may raise any claimed error in representation proceeding, including the appropriateness of the designated bargaining unit.

Since none of the requirements of ORS 183.480 are met in this case, we are without jurisdiction to hear this appeal.

Appeal dismissed.