Argued March 21, affirmed May 21, 1979

OREGON STATE EMPLOYES ASSOCIATION,
*Petitioner,*
*v.*
DESCHUTES COUNTY et al, *Respondents.*
(ERB No. C-177-77, CA 12057)

595 P2d 501

F. Peter DeLuca, Salem, argued the cause and filed the brief for petitioner.

Lester V. Smith, Jr., Portland, argued the cause for respondent Deschutes County. With him on the brief was Bullard, Korshoj & Smith, P. C., Portland.

James A. Redden, Attorney General, and Al J. Laue, Assistant Attorney General, Salem, waived appearance for respondent Employment Relations Board.

Before Schwab, Chief Judge, and Lee, Buttler and Joseph, Judges.

BUTTLER, J.

**BUTTLER, J.**

This case arose when petitioner, Oregon State Employes Association (OSEA), filed a petition with the Employment Relations Board (ERB) requesting certification as the bargaining representative of all employees of the Deschutes County Road Department, Solid Waste Department, and Water Master Department. Those employees are included within a larger group of County employees for whom the Deschutes County Employes Association (DCEA) was certified as the exclusive representative in 1976; however, the DCEA is presently inoperative and it is not contended that the earlier certification is a bar to the present proceedings. Respondent (Deschutes County) objected to the petition on the ground that the unit requested by OSEA is inappropriate. After a hearing, ERB dismissed the petition, reaffirming its earlier decision that the larger group is an appropriate bargaining unit and concluding that the proposed smaller unit is not an appropriate unit in that it would fragment the work force. OSEA appeals from that determination.

■ At the outset, the County contends that this Court lacks jurisdiction to review ERB's determination because that determination is not an appealable "final order" as required by ORS 183.480(1), which provides:

> "Any person adversely affected or aggrieved by an order or any party to an agency proceeding is entitled to judicial review of a final order, whether such order is affirmative or negative in form, under this section and ORS 183.490 and 183.500. A petition for rehearing or reconsideration need not be filed as a condition of judicial review unless specifically otherwise provided by statute or agency rule."

In support of its argument, the county relies on *Lane Council of Governments v. Lane Council Govts Emp. Assn.,* 277 Or 631, 561 P2d 1012, 278 Or 335, 563 P2d 729 (1977), and *Klamath Co. v. Laborers Inter. Union,* 21 Or App 281, 534 P2d 1169 (1975), which held that ERB's determination that a proposed bargaining unit is *appropriate* is not a final order, because that

determination is only one step in the process leading to the certification (or noncertification) of a collective bargaining agent. *See Klamath Co. v. Laborers Inter. Union, supra* at 284-86.

That reliance is misplaced, however, because the determination before us is that the proposed unit is *inappropriate,* which, unlike a finding of appropriateness, is not an intermediate step; if it stands, nothing further takes place, and it is, therefore, the final step. The rationale in the cases cited by the county is that a determination that the unit requested by the union is appropriate is not the final step because that determination is followed by an election. If the employer wins the election, the matter ends there. If the employer loses the election it may, following certification of the bargaining representative, refuse to bargain, thereby "inviting" an unfair labor practice complaint, ORS 243.672(1)(e). In the hearing on such complaint, the employer may raise the appropriateness of the bargaining unit. *Klamath Co. v. Laborers Inter. Union, supra* at 288-89. A determination that the unit is not appropriate, on the other hand, terminates the process; the union may not have an election with respect to employees in that unit. Therefore, if that order is not appealable, the union never has an appeal, a result apparently not contemplated by the the Oregon Administrative Procedures Act.

That Act contains no definition of a final order. We have, therefore, previously adopted the following definition:

> " "* * * *One of the tests in determining whether a judgment or decree is final is: "If no further action of the court is required to dispose of the cause, it is final." Other tests are: Is the order or decree one which determines the rights of the parties so that no further questions can arise before the court rendering it, except such as are necessary to be determined in carrying it into effect, or is the judgment or decree "one which concludes the parties as regards the

[374]

subject-matter in controversy in the tribunal pronouncing it"?" " *Klamath Co. v. Laborers Inter. Union, supra* at 287, quoting *Winters et al v. Grimes et al,* 124 Or 214, 216-17, 264 P 359 (1928).

Applying that definition here, the order requires no further action on the part of the court (ERB) to dispose of the cause nor will any further questions arise before it; the order conclusively resolved the rights of the parties with respect to the appropriateness of the bargaining unit petitioner seeks to represent.

The County argues that this is not the last step because OSEA could raise the issue again following an election for a bargaining representative in the larger unit by challenging the ballots of those not a part of the small unit. But there will be no election in the larger unit unless OSEA petitions for one, in which case it would be requesting to represent all employees in that unit. OSEA could not thereafter challenge the ballots of all employees outside of the smaller unit now requested, for doing so would be challenging the votes of those requested by the OSEA to vote. As a practical matter, ERB's order in this fact situation is a final order and, hence, appealable by OSEA.

■ The OSEA challenges ERB's conclusion that the proposed bargaining unit is not an appropriate unit, contending that ERB erred by failing to base its conclusions and order on the criteria set forth in ORS 243.682(1).[1] We disagree.

---

[1] ORS 243.682(1) provides:

"If a question of representation exists, the board shall:

"(1) Upon application of a public employer, public employe or a labor organization, designate the appropriate bargaining unit, and in making its determination shall consider such factors as community of interest, wages, hours and other working conditions of the employes involved, the history of collective bargaining, and the desires of the employes. The board may determine a unit to be the appropriate unit in a particular case even though some other unit might also be appropriate."

The scope of our review of ERB's order is limited by ORS 183.482, which states in subsection (8)[2] that we may reverse and remand in this case only if the order is "unlawful in substance or procedure" or "not supported by substantial evidence in the whole record." The order is not unlawful in substance or procedure and the record is replete with evidence supporting ERB's findings on the statutory criteria. OSEA contends ERB's conclusion with respect to the fragmentation of the work force is not supported by those findings. The record, however, reveals that it is adequately supported.

Under ORS 243.682(1), the power to determine whether a group of employees is appropriate for a bargaining unit is vested in ERB, and the statute presumes ERB to have expertise. So long as the record taken as a whole, shows that the Board has applied the statutory criteria in making its determination and has supported it with adequate findings, we will defer to their expertise. The weight to be given the various criteria in a given case is for ERB, not this court. *See Portland Steamship v. Coos Bay Pilots' Ass'n,* 39 Or App 513, 592 P2d 1060 (1979).

Affirmed.

---

[2] ORS 183.482(8) provides:

"(8) The court may affirm, reverse or remand the order. The court shall reverse or remand the order only if it finds:

"(a) The order to be unlawful in substance or procedure, but error in procedure shall not be cause for reversal or remand unless the court shall find that substantial rights of the petitioner were prejudiced thereby; or

"(b) The statute, rule or order to be unconstitutional; or

"(c) The rule which the order enforces or upon which the order is based or dependent, is invalid under the provisions of subsection (3) of ORS 183.400; or

"(d) The order is not supported by substantial evidence in the whole record."