Argued and submitted February 3, affirmed August 25, 1982

# REYNOLDS SCHOOL DISTRICT,
## *Petitioner,*
*v.*
# OREGON SCHOOL EMPLOYEES
## ASSOCIATION et al,
## *Respondents.*

### (No. C-197-79, CA A21956)

650 P2d 119

Lester V. Smith, Jr., Portland, argued the cause and filed the brief for petitioner.

Paul B. Meadowbrook, Salem, argued the cause and filed the brief for respondent Oregon School Employees Association.

Jan Peter Londahl, Assistant Attorney General, Salem, argued the cause for respondent Employment Relations Board. With him on the brief were Dave Frohnmayer, Attorney General, Stanton F. Long, Deputy Attorney General, and William F. Gary, Solicitor General, Salem.

Before Gillette, Presiding Judge, Joseph, Chief Judge, and Young, Judge.

JOSEPH, C. J.

## JOSEPH, C. J.

The Oregon School Employees Association (OSEA) petitioned the Employment Relations Board (ERB) for determination whether 12 job classifications in Reynolds School District No. 7 (District) are in the bargaining unit covered by the 1977-80 collective bargaining agreement between OSEA and the District. ERB held that seven of the classifications are covered. The District seeks review of that order.

■ Citing *Port of Portland v. Municipal Emp. Local 483*, 27 Or App 479, 556 P2d 692 (1977), OSEA has moved to dismiss the appeal on the ground that ERB's order is not a final one within the meaning of ORS 183.480.[1] In *Port of Portland,* we held that an ERB order adding a previously unrepresented employe to an existing bargaining unit is not appealable. That is so, we said, because such an order is equivalent to an initial unit designation, which is but the first step under the statutory scheme for certifying a bargaining representative. *See* ORS 243.682 to 243.686. After a unit designation by ERB, an election is required to determine whether the majority in the unit wants representation and, if so, who is to be the bargaining representative. Before the election, an employer is under no duty to bargain, and the unit designation is of no necessary[2] legal

---

[1] ORS 183.480 provides in relevant part:

"(1) Any person adversely affected or aggrieved by an order or any party to an agency proceeding is entitled to judicial review of a final order, whether such order is affirmative or negative in form.

"* * * * *

"(3) No action or suit shall be maintained as to the validity of any agency order except a final order as provided in this section and ORS 183.482, 183.484, 183.490 and 183.500 or except upon showing that the agency is proceeding without probable cause, or that the party will suffer substantial and irreparable harm if interlocutory relief is not granted."

[2] Similarly, in *Lane Council Govts v. Emp. Assn.,* 277 Or 631, 561 P2d 1012 (1977), the Supreme Court held that when ERB, acting on a petition for certification under ORS 243.682, found that the Lane Council of Governments was not a "public employer" within the meaning of the Public Employe Relations Act, ERB's order to that effect was not final, because it was merely the initial step in the union certification procedure. The same result was reached in *City of Hermiston v. ERB,* 280 Or 291, 570 P2d 663 (1977), where the City of Hermiston attempted to appeal ERB's determination that the appropriate bargaining unit consisted of all police employes (other than the chief and the lieutenant). Again, the court's rationale in dismissing the appeal was that an election and final certification were required before anything became appealable.

consequence. *See also Klamath Co. v. Laborers Inter. Union,* 21 Or App 281, 534 P2d 1169 (1975).

■ If an election is held and the majority vote favors a given representative, the employer can challenge the unit designation by inviting an unfair labor practice charge by refusing to bargain. *Port of Portland v. Municipal Emp. Local 483, supra,* 27 Or App at 483. Also, when ERB *adds new members* to an existing bargaining unit without an election, as in *Port of Portland,* the employer's remedy is to invite an unfair labor practice charge by refusing to negotiate with the union over wages, hours and working conditions of the new members. *Port of Portland v. Municipal Emp. Local 485, supra,* 27 Or App at 485. The appeal from the order expanding the bargaining unit in *Port of Portland* was premature, because (1) a vote was required to add new members to the unit and (2) negotiations with respect to the new members would be necessary only if the union won the election.

Thus, the initial question in this case is whether we face the situation in *Port of Portland* — that is, whether ERB's order expanded an existing bargaining unit to add previously unrepresented employes. If so, the appeal must be dismissed.[3]

The labor agreement between the parties provides:

"The [School] Board recognizes [OSEA] as the exclusive bargaining representative for all regular full-time and regular part-time employees employed by the District. Further, it recognizes that all supervisors, confidential employees, substitutes, and/or temporary employees are specifically excluded from the bargaining unit, as determined by the Employment Relations Board."

The District thus *voluntarily recognized* OSEA as the exclusive bargaining agent. *See* ORS 243.666(3). Voluntary recognition of a bargaining agent is an alternative to ERB

---

[3] The District argues that, although this case involves a question of representation as in *Port of Portland,* ERB's order is final and appealable, because the employer in this case cannot raise objections concerning the makeup of the bargaining unit by refusing to bargain with the certified representative, which was the employer's exclusive remedy in *Port of Portland.* However, the District could challenge the unit designation by refusing to comply with the terms of the contract, ORS 243.672(2)(d), if this case does in fact involve a question of representation.

certification under ORS 243.682-.686, which requires an election. *See* ORS 243.666(1). There was apparently no voluntary recognition in *Port of Portland.* [4]

Here, OSEA petitioned for "unit clarification" of 12 positions in the District's administrative offices. The District maintained that the employes holding the positions were "confidential" and thus were excluded from the bargaining unit. ORS 243.650(6),(17). The ERB form used by OSEA describes a unit clarification petition as one where

> "[a] labor organization is currently recognized or certified, but petitioner seeks clarification of placement of certain employes * * *."

The District claims that the employes in question were unrepresented at the time of ERB's order and that the impact of the order was to *add* them to the bargaining unit. It points out that the union had not requested that the District deduct dues from the employes in question, that these employes had not been invited to union meetings and that they had not voted on the 1977-80 collective bargaining agreement.

However, whether the individuals were *treated* as members of the bargaining unit does not determine whether they were *within the terms* of the collective bargaining agreement. In the contract, all regular full- and part-time classified employes are recognized by the District to be in the bargaining unit, but by the contract *and* by statute, ORS 243.650(17), confidential employes are excluded. "Confidential employe" is a statutory term. ORS 243.650(6). It is ERB's function to determine its scope. When ERB found that the employes in question were not confidential and were regular full- or part-time classified employes, it was not adding anyone to the unit who had not theretofore been agreed to be a member. The question before ERB was not whether it would have included the employes in the unit as a result of a representation proceeding under ORS 243.682, but, rather, whether the positions were included or

---

[4] In a footnote, the court stated that the record was unclear as to which of the employes were represented by the union. *Port of Portland v. Municipal Emp. Local 483, supra,* 27 Or App at 481 n 1. The union in that case filed a petition for unit clarification as well as a petition for certification of a collective bargaining representative.

excluded by the language of the recognition clause and the statute. *Port of Portland* is distinguishable, because the question there was not, as it is here, one of the reach of a recognition clause or the meaning of a statutory term.

Nevertheless, the question remains whether ERB's order in this case is final and appealable. ORS 183.310(5)(b) defines "final order" as a

"*** final agency action expressed in writing. 'Final order' does not include any tentative or preliminary agency declaration or statement that:

"(A)   Precedes final agency action; or

"(B)   Does not preclude further agency consideration of the subject matter of the statement or declaration."

In *Klamath Co. v. Laborers Inter. Union, supra,* we accepted the following tests for determining whether an order is final:

"*** One of the tests in determining whether a judgment or decree is final is: 'If no further action of the court is required to dispose of the cause, it is final.' Other tests are: Is the order or decree one which determines the rights of the parties so that no further questions can arise before the court rendering it, except such as are necessary to be determined in carrying it into effect, or is the judgment or decree 'one which concludes the parties as regards the subject-matter in the controversy in the tribunal pronouncing it? ***.' *Winters et al v. Grimes et al,* 124 Or 214, 216-17, 264 P 359 (1928)." 21 Or App at 287.

■    Because ERB's unit clarification order is not a part of the bargaining unit certification procedure nor a step in a statutory procedure and because no further action by ERB is required to give the order legal significance, the rights of the parties have been finally determined. The employes in question were determined to be in the bargaining unit at the time of its recognition by the District, and no new negotiations are required as to them. The order is not a "tentative or preliminary" declaration and is final and appealable.[5]

---

[5] OSEA also argues that ERB's order is not final and appealable, because the District could invite an unfair labor practice charge by refusing to comply with terms of the contract, ORS 243.672(2)(d), and by defending on the basis of the

■        In holding that the unit clarification order is appealable, we also reach and dispose of the District's argument that the order is not supported by law. The District insists that the question before ERB was one of representation, calling for an election, rather than unit clarification, and that, under *Port of Portland v. Municipal Emp. Local 483, supra,* the Board erred as a matter of law in expanding the unit without an election. As we have previously explained, ERB did not expand the bargaining unit.

■ ■        The District also argues that a petition for unit clarification is appropriate only in cases involving a new or changed job classification or when an employer has expanded operations after a certification and the employes involved are normal accretions to the existing unit. The cases cited by the District[6] do not stand for that narrow a proposition; they state that a unit clarification procedure cannot be used to add to an existing unit new members who have been historically or contractually excluded from the unit. Neither case stands for the proposition that the unit clarification procedure cannot be used to determine the scope of the bargaining unit set out in a recognition clause.

■        The District also maintains that the right of the employes to vote on the question of representation was infringed. Although that right is guaranteed to employes in a certification procedure, when an employer voluntarily recognizes a bargaining representative, no vote is required. However, the agent so recognized must represent a majority of the employes in the unit. ORS 243.666(3). If an employe believes that the bargaining agent does not have the support of a majority of the members of the unit, he may petition ERB for a hearing. ORS 243.682(2)(d). If ERB finds that a question of representation exists, an election must be held. ORS 243.682(3). Nothing ERB has done in this case precludes the affected employes from invoking that procedure.

improper unit designation. Although inviting a charge is the appropriate way to challenge a unit designation when ERB certification of a union is sought, it is not clear that that is the proper procedure when the employer has voluntarily recognized the union as the bargaining agent under ORS 243.666(3). ERB's designation in the latter situation is not simply a preliminary action.

[6] *Standard Oil Co. (Ohio),* 146 NLRB 1189, 56 LRRM 1054 (1964); *Union Electric Company,* 217 NLRB 666, 89 LRRM 1535 (1975).

■    Finally, the District contends that ERB applied a "rule" adopted in another case decided the same day[7] that allegedly was not promulgated according to APA procedures, "is unfair to unrepresented employees, violates the intent of the [Public Employe Relations Act], and allows a labor organization to organize employees in a piecemeal fashion." That "rule" provides:

> "This Board generally will look only to the express language of the certification description or of the collective bargaining agreement in deciding whether the disputed positions are included or excluded. The express terms of the certification or agreement clearly must not include the disputed positions for this Board to find that they are excluded from the unit. Doubts will be resolved in favor of inclusion in the unit."

The quoted language is not a rule. It is an explanation of how ERB will exercise its duty to determine who is and who is not within the scope of a collective bargaining agreement. In this case its application made no difference to the outcome. The District does not argue that ERB misinterpreted the statutory term "confidential," nor does it claim that the employes found to be in the bargaining unit were in fact confidential employes.

Affirmed.

_____

[7] *Salem Education Association v. Salem School District 24J,* ERB Case Nos. C-262-79, 2-80 and 73-80.