Argued and submitted October 19, 1984, affirmed February 27, 1985

ASSOCIATION OF ENGINEERING
EMPLOYES OF OREGON,
*Respondent,*

*v.*

DEPARTMENT OF TRANSPORTATION,
HIGHWAY DIVISION, STATE OF OREGON,
*Respondent,*
OREGON PUBLIC EMPLOYES UNION,
LOCAL 502, SEIU,
*Petitioner.*

(C-69-83, C-70-83, C-71-83; CA A30879)

695 P2d 961

James S. Coon, Portland, argued the cause for petitioner. With him on the brief was Charlene Sherwood, Portland.

Willard E. Fox, Salem, argued the cause and filed the brief for respondent Association of Engineering Employes of Oregon.

Philip Schradle, Assistant Attorney General, Salem, waived appearance for respondent Department of Transportation, Highway Division.

Before Richardson, Presiding Judge, and Warden and Newman, Judges.

WARDEN, J.

## WARDEN, J.

■    The Oregon Public Employes Union (OPEU) appeals an order of the Employment Relations Board concerning which of two bargaining units should be allowed to represent 53 right-of-way agents and agent trainees in the Department of Transportation. The right-of-way employes presently represented by OPEU wish to be represented by the Association of Engineering Employes (AEE). ERB granted AEE's petition for an order "clarifying" its bargaining unit to include the right-of-way personnel.[1] We affirm.

■    Without detailing the facts, we note that ERB's decision is supported by substantial evidence in the record. Right-of-way employes are members of a branch of the Department of Transportation that is largely represented by AEE. They work closely with employes represented by AEE, often work out of the same offices with them, share common goals with them and have demonstrated their desire to be represented by AEE. ERB's opinion carefully considers each of the factors set out in ORS 243.682(1):

> "Upon application of a public employer, public employe or a labor organization, [ERB shall] designate the appropriate bargaining unit, and in making its determination shall consider such factors as community of interest, wages, hours and other working conditions of the employes involved, the history of collective bargaining, and the desires of the employes."

---

[1] Although the parties have not raised the issue, we have considered whether ERB's order is final and appealable within the meaning of ORS 183.480 and have concluded that it is. *Klamath Co. v. Laborers Inter. Union,* 21 Or App 281, 534 P2d 1169 (1975), is not to the contrary. There we held that ERB's determination that a proposed bargaining unit is appropriate is not a final order, because that determination is only one step in the process leading to the certification (or noncertification) of a collective bargaining agent. *See also Oregon State Employes Association v. Deschutes County,* 40 Or App 371, 373-75, 595 P2d 501 (1979). In its discussion of an unrelated issue, however, ERB's opinion explains the difference between this case and the many in which ERB orders have been held nonappealable. *See, e.q., City of Hermiston v. ERB,* 280 Or 291, 570 P2d 663 (1977); *Lane Council Govts v. Emp. Assn.,* 277 Or 631, 561 P2d 1012, *mod.* 278 Or 335, 563 P2d 729, *rev den* (1977); *Port of Portland v. Municipal Emp. Local 483,* 27 Or App 479, 556 P2d 692 (1977). "In OAR 115-25-005(6) transfer cases," the opinion notes, "* * * disclosure of the showing of interest figures could have no impact on the laboratory conditions required for an ERB election, because no election occurs." Because there is no subsequent election in a case arising under OAR 115-25-005(6), an ERB order allowing the transfer "is not a part of the bargaining unit certification procedure nor a step in a statutory procedure and * * * no further action by ERB is required to give the order legal significance * * *." *Reynolds School Dist. v. OSEA,* 58 Or App 609, 614, 650 P2d 119 (1982). The rights of the parties have been finally determined, and the order is appealable.

OPEU argues, first, that ERB failed to recognize that the issue in a unit clarification proceeding is not merely whether the receiving unit is an appropriate unit, but it "is whether or not the receiving unit is a *more appropriate* unit than the unit presently representing the classifications." ERB's ruling, however, is phrased in precisely the language that OPEU argues is controlling: "It is more appropriate for the subject classifications to be in the bargaining units as follows: * * * Right of Way Agent Trainee[:] AEE[;] Right of Way Agent 1,2,3[:] AEE." The thrust of OPEU's argument is actually that AEE did not clearly establish .that it was the more appropriate unit and that ERB improperly balanced the competing factors in making its decision.

Because ERB's decision considers the statutory criteria and is supported by substantial evidence in the record, our review of this decision, taken by itself, can go no further. We held in *Oregon State Employes Association v. Deschutes County,* 40 Or App 371, 376, 595 P2d 501 (1979):

> "Under ORS 243.682(1), the power to determine whether a group of employes is appropriate for a bargaining unit is vested in ERB, and the statute presumes ERB to have expertise. So long as the record taken as a whole, shows that the Board has applied the statutory criteria in making its determination and has supported it with adequate findings, we will defer to their [sic] expertise. The weight to be given the various criteria in a given case is for ERB, not this court."

*Oregon State Employes Association,* however, was decided under an earlier version of ORS 183.482(8), which did not require or allow us to remand if an agency's exercise of its discretion is "[i]nconsistent with an agency rule, an officially stated agency position, or a prior agency practice, if the inconsistency is not explained by the agency * * *." ORS 183.482(8)(b)(B).[2] Thus, we must also consider OPEU's argu-

---

[2] ORS 183.482(8)(b) and (c) provide:

"(b) The court shall remand the order to the agency if it finds the agency's exercise of discretion to be:

"(A) Outside the range of discretion delegated to the agency by law;

"(B) Inconsistent with an agency rule, an officially stated agency position, or a prior agency practice, if the inconsistency is not explained by the agency; or

"(C) Otherwise in violation of a constitutional or statutory provision.

ment that ERB's decision is inconsistent with its pronouncement in *Teamsters Local 57 v. Lane County Department of Public Works and AFSCME Local 2831,* 7 PECBR 5763, 5780 (1983):

> "Classifications must possess more than a general community of interest to be clarified into a unit certified or historically recognized as being separate from the balance of the work force: the classifications proposed to be clarified must share that community of interest which justified the separate certification or recognition of the existing unit."

OPEU asserts that, notwithstanding any present community of interest between the right-of-way employes and AEE, the right-of-way employes do not share whatever community of interest may have originally justified AEE's separate certification.

We reject the argument on two bases. First, the passage from *Teamsters Local 57* quoted above is neither an "agency rule" nor an "officially stated agency position" nor a "prior agency practice" within the meaning of ORS 183.482(8)(b)(B). The statement bears no discernible relationship to the result in *Teamsters Local 57.* It does not purport to be ERB's interpretation of a statutory provision or judicial decision. Indeed, neither OPEU nor the opinion itself cites any authority supporting the passage, nor do they explain the legal reasoning supporting it. Moreover, neither OPEU nor ERB's decision in *Teamsters Local 57* indicates how a reviewing court might identify situations in which a general community of interest differs from the community of interest that originally justified separate certification. We cannot review the consistency of the holding with other ERB decisions in the absence of a clear and specific formulation of a rule or of an independent basis upon which to assess its validity.

Second, even if the statement is "an agency rule, an officially stated agency position, or a prior agency practice," OPEU has not shown an inconsistency between ERB's decision here and its statement in *Teamsters Local 57.* OPEU has

---

"(c) The court shall set aside or remand the order if it finds that the order is not supported by substantial evidence in the record."

presented no evidence or authority bearing on the nature of the specific community of interest that justified the separate certification of AEE. Although some of the factors separating AEE employes from OPEU employes are listed in *Association of Engineering Employees v. Department of Transportation,* 2 PECBR 875 (1976), that opinion does not purport to describe "that community of interest which justified the separate certification or recognition" of AEE. ORS 183.482(8)(b) does not compel us to require that agencies support the consistency of their rulings in different cases with substantial evidence in the record. We interpret it to require only that we remand an order upon a clear showing of an unexplained inconsistency. OPEU has not clearly shown that ERB's order in this case created an inconsistency that the agency is required to explain.

Affirmed.