Submitted on record and briefs November 7, 1984, petition dismissed March 6, 1985

## DIVISION OF STATE LANDS EMPLOYES ASSOCIATION,
*Respondent,*

*v.*

## DIVISION OF STATE LANDS,
*Respondent,*
## OREGON PUBLIC EMPLOYES UNION,
*Petitioner.*

(C-72-83; CA A31094)

696 P2d 578

Charlene Sherwood, Portland, filed the brief for petitioner. With her on the brief was Aitchison & Sherwood, P.C.

Penelope A. Cozadd, Salem, filed a brief *pro se* for Division of State Lands Employes Association.

Dave Frohnmayer, Attorney General, James E. Mountain, Jr., Solicitor General, and Christine L. Dickey, Assistant Attorney General, Salem, filed a brief amicus curiae on behalf of the Executive Department of the State of Oregon.

Before Gillette, Presiding Judge, and Van Hoomissen and Young, Judges.

YOUNG, J.

## YOUNG, J.

The Oregon Public Employes Union (OPEU) is the recognized, exclusive bargaining representative for the employes of approximately 46 state agencies including the Division of State Lands. The Division of State Lands Employes' Association (DSLEA) sought an order from the Employment Relations Board designating DSLEA's proposed bargaining unit as appropriate and ordering a representation election. OPEU seeks review of the Board's order granting DSLEA's request. Although the parties do not raise it, there is a threshold question concerning whether the Board's order is a final order reviewable by this court.

Jurisdiction in this court is established by ORS 183.480, which provides in pertinent part:

"(1) Any person adversely affected or aggrieved by an order or any party to an agency proceeding is entitled to judicial review of a final order * * *."

In *Klamath Co. v. Laborers Inter. Union,* 21 Or App 281, 534 P2d 1169 (1975), we held that the designation of an appropriate bargaining unit pursuant to ORS 243.682(1) is not a final order under ORS 183.480(1).

"Since (1) the designation of an appropriate bargaining unit is but one step in the process of certifying a bargaining agent with whom the employer is obligated to bargain, (2) several other actions by [ERB] are necessary to complete the process, and (3) the designation could be of no effect if the employes vote for no representation, we hold that the designation of an appropriate bargaining unit is not a 'final order' as the term is used in ORS 183.480." 21 Or App at 287.

We also noted in *Klamath County* the similarity between the National Labor Relations Act, 29 USC § 151 *et seq,* and the Oregon Public Employes Collective Bargaining Act and accorded "some weight" to the U. S. Supreme Court decision in *Boire v. Greyhound Corp.,* 376 US 473, 84 S Ct 894, 11 L Ed 2d 849 (1964), which held that designation by the National Labor Relations Board of an appropriate bargaining unit is not a final order within the meaning of 29 USC §160(f) of the NLRA. 21 Or App at 288.

The distinction between *Klamath County* and this

case is that OPEU, as the recognized bargaining representative, rather than the employer, petitions for review. That is a distinction without a difference under the NLRA. *See A.F. of L. v. Labor Board,* 308 US 401, 60 S Ct 300, 84 L Ed 347 (1940). However, federal interpretation of the federal statute is not controlling on the interpretation of the state law. Under the NLRA, no Board decision concerning certification, including the order certifying the exclusive bargaining representative, is directly reviewable.[1] That is because the provision for appellate review of "final orders" is included only in the section of the NLRA which concerns unfair labor practices. 29 USC § 160 (e) and (f).[2] The Supreme Court has interpreted the appeal provision as applicable only to "final orders" in unfair labor practice actions, *A.F. of L. v. Labor Board, supra,* and has held that the appropriate method to obtain review of Board orders in federal certification proceedings is to invite an unfair labor practice action for refusal to bargain. *Boire v. Greyhound Corp., supra; A.F. of L. v. Labor Board, supra.*

---

[1] The Supreme Court has made limited exceptions to this rule and has allowed direct review in "extraordinary circumstances." *Boire v. Greyhound Corp., supra,* 376 US at 479-80. *See Leedom v. Kyne,* 358 US 184, 79 S Ct 180, 3 L Ed 2d 210 (1958) (board order in excess of delegated powers and contrary to specific prohibition in the NRLA); *McCulloch v. Sociedad Nacional,* 372 US 10, 83 S Ct 671, 9 L Ed 2d 547 (1963) (public question involving national interest).

[2] 29 USC § 160 delineates the powers and procedures of the Board in preventing the unfair labor practices that are listed in 29 USC § 158. 29 USC § 160(f) provides in pertinent part:

"Any person aggrieved by a final order of the Board granting or denying in whole or in part the relief sought may obtain a review of such order in any United States court of appeals in the circuit wherein the unfair labor practice in question was alleged to have been engaged in or wherein such person resides or transacts business, or in the United States Court of Appeals for the District of Columbia, by filing in such court a written petition praying that the order of the Board be modified or set aside * * *."

29 USC § 159 establishes the standards and procedures for designation and selection of an employe representative. 29 USC § 159(d) provides for review of the facts after a hearing in a certification proceeding only when a Board order to cease and desist from an unfair labor practice made pursuant to 29 USC § 160(c) is based on such facts:

"(d) Whenever an order of the Board made pursuant to section 160(c) of this title is based in whole or in part upon facts certified following an investigation pursuant to subsection (c) of this section and there is a petition for the enforcement or review of such order, such certification and the record of such investigation shall be included in the transcript of the entire record required to be filed under subsection (e) or (f) of section 160 of this title, and thereupon the decree of the court enforcing, modifying, or setting aside in whole or in part the order of the Board shall be made and entered upon the pleadings, testimony, and proceedings set forth in such transcript."

In Oregon review of an ERB order under the Public Employe Collective Bargaining Act is controlled by the Administrative Procedures Act. ORS 183.315. Any party to an agency proceeding is entitled to judicial review of an agency order, if that order is final. ORS 183.480. For example, in *OSEA v. Deschutes County,* 40 Or App 371, 595 P2d 501 (1979), we held that an order dismissing a petition for certification on the ground that the proposed unit is *inappropriate* is appealable. In that case the county contended that this court was without jurisdiction, relying on *Klamath Co. v. Laborers Inter. Union, supra.* We disagreed:

> "[The county's] reliance is misplaced, however, because the determination before us is that the proposed unit is *inappropriate,* which, unlike a finding of appropriateness, is not an intermediate step; if it stands, nothing further takes place, and it is, therefore, the final step. The rationale in the cases cited by the county is that a determination that the unit requested by the union is appropriate is not the final step because that determination is followed by an election. If the employer wins the election, the matter ends there. If the employer loses the election it may, following certification of the bargaining representative, refuse to bargain, thereby 'inviting' an unfair labor practice complaint * * *." 40 Or App at 374. (Emphasis in original.)

The cases discussing *Klamath County* intimate that, in conformity with the federal rule, the method to obtain judicial review of certification orders is to "invite" an unfair labor practice action. However, we have allowed review of a Board order *after an election* that certified a union as the exclusive bargaining representative. *Eugene School Dist. v. Sub. Teacher Org.,* 31 Or App 1255, 572 P2d 650 (1977), was a consolidated review of two related orders of the Employment Relations Board. The first order certified the Eugene Education Association as the exclusive bargaining representative for substitute teachers employed by the district. The second was a cease and desist order directed to the district for refusing to bargain in good faith with the Eugene Education Association. The appeal of a third order, dismissing objections to the conduct of a representation election which preceded the certification order, was dismissed as premature under the reasoning in *Klamath Co. v. Laborer's Inter. Union. Eugene School Dist. v. Sub. Teachers Org., supra,* 31 Or App at 1257, n. 1.

We hold that the order designating the Division of State Lands employes as an appropriate bargaining unit is not a final order, because the determination must be followed by an election.

Petition for judicial review dismissed.[3]

---

[3] *Assoc. of Engineering Employes v. Dept. of Trans.*, 72 Or App 371, 695 P2d 961 (1985), unlike the present case, involved the classification of a bargaining unit and a transfer of employes to another unit without an election.