Argued and submitted March 16, affirmed November 25, 1992, reconsideration denied February 24, petition for review pending 1993

WELCHES SCHOOL DISTRICT NO. 13,
*Petitioner,*

*v.*

WELCHES EDUCATION
ASSOCIATION/OEA/NEA,
*Respondent.*

(ERB No. RC-78-89; CA A67836)

842 P2d 437

Nancy J. Hungerford, Oregon City, argued the cause and filed the brief for petitioner.

Monica Smith, Portland, argued the cause for respondent. With her on the brief was Bennett & Durham, Portland.

Before Buttler, Presiding Judge, and Rossman and De Muniz, Judges.

De MUNIZ, J.

## De MUNIZ, J.

Welches School District No. 13 (District) employs 28 teachers (certified employees) and 14 classified employees.[1] In 1975, District recognized the certified employees as a bargaining unit represented by the Welches Educational Association (WEA). In 1986, District recognized the classified employees as a bargaining unit represented by the Welches Association of Classified Employees (WACE). In 1989, WEA filed a representation petition with the Employment Relations Board (ERB), seeking certification as the exclusive representative of a combined bargaining unit comprising District's certified and classified employees. District filed a motion to dismiss the petition on the ground that a petition for clarification is the proper procedure for determining whether a combined unit would be an appropriate bargaining unit. ERB denied the motion.

On July 31, 1990, ERB issued an order declaring that a combined unit is appropriate and ordered an election to determine whether WEA should be certified as the exclusive representative of the combined unit. The election was held in October, 1990. It consisted of separate balloting by the certified and the classified employees. The choices for the certified employees were representation by WEA in a separate unit, by WEA in a combined unit or no representation. The choices for classified employees were representation by WACE in a separate unit, by WEA in a combined unit or no representation.[2] Both groups voted to be represented by WEA in a combined unit.

On November, 2, 1990, ERB issued an order certifying WEA as the exclusive representative of the combined unit. District appeals both orders, contending that ERB should have dismissed WEA's petition for certification, that ERB did not correctly apply the statutory criteria for determining employee bargaining units, that it did not make adequate findings and that it did not explain its departure from its

---

[1] The classified employees include tutorial aides, a library aide, an assistant cook, three recess aides, two secretaries, two bus drivers, two custodians and a person who works as a bus driver and custodian.

[2] ERB noted that, if either of the groups were to vote against combined representation, it would recertify the current bargaining units.

policy of designating separate bargaining units for certified and classified employees. We review only the final order that certified WEA as the exclusive representative and affirm. ORS 183.480; *City of Hermiston v. ERB*, 280 Or 291, 293-94, 570 P2d 663 (1977); *Assoc. of Engineering Employes v. Dept. of Trans.*, 72 Or App 371, 373 n 1, 695 P2d 961 (1985).[3]

■　　In its first assignment of error, District asserts that ERB erred by denying its motion to dismiss WEA's petition for certification. It contends that the proper procedure for determining whether WEA should represent a combined unit is a petition for clarification. An employer may file a petition for clarification of a bargaining unit "when no question of representation exists." OAR 115-25-005(1).[4] District contends that, when WEA filed its petition, there was no question that the classified employees were represented by WACE. It argues:

> "Under OAR 115-25-005(6), if a petition seeks to detach a group of employees who are represented within bargaining unit A and add them to bargaining unit B, then '[t]he Board shall clarify the petitioning organization's bargaining unit to include the group of employees in question when the Board determines that the employees more appropriately belong in that unit.' "

OAR 115-25-005(6) establishes the requirements for a petition

> "[w]hen the issue raised by the clarification petition is whether a group of employees who are represented within (as a fragment of) another bargaining unit more appropriately belongs in a unit represented by the petitioning labor organization * * *."

---

[3] District filed a petition for judicial review of the first order on September 8, 1990. WEA moved to dismiss that petition on the ground that ERB's original order was not a final order. On December 4, 1990, after the election, District filed a second petition, seeking review of both orders. On March 4, 1991, we dismissed the original petition.

[4] OAR 115-25-005(1) provides, in part:

"Petitions for clarification of a bargaining unit may be filed by the recognized or certified representative or by the public employer when no question of representation exists * * *. For purposes of this rule, a question of representation exists only when the employees who are the subject of such a petition are unrepresented and as a group would constitute an appropriate unit as determined by [ERB]."

By its own terms, OAR 115-25-005(6) would apply only if WEA had sought to detach a *fragment* of the classified employees who were represented by WACE. It has no application here, because WEA seeks to represent *all* of the classified employees. As ERB recently explained:

> "Any time one union attempts to assert representation rights over an *entire* bargaining unit that is represented by another union, a question of representation perforce arises. The unit clarification process is not the appropriate means of resolving questions of representation." *AFSCME Local 3580 v. Metro. Service Dist.*, 12 PECBR 835, 861 (1991). (Emphasis in original; footnote omitted.)

This case does not pose a question of defining the contours of an existing bargaining unit. Rather, it involves the establishment of a new bargaining unit — a combined unit that merges two formerly distinct bargaining units. That is a question of representation, not·of unit clarification. *See Reynolds School Dist. v. OSEA*, 58 Or App 609, 650 P2d 119 (1982). ERB correctly denied District's motion to dismiss.

■ In its second assignment of error, District contends that ERB "failed to correctly apply the statutory language governing unit determination matters." ORS 243.682 provides, in part:

> "(3) [If] a question of representation exists, [the board] shall conduct an election by secret ballot, at a time and place convenient for the employees * * *."

District asserts that neither that provision nor ORS 243.686[5] authorized ERB to conduct a bifurcated election with separate balloting by the certified and the classified employees. We find nothing in those statutes that precluded ERB from conducting an election with separate balloting by the currently recognized bargaining units. By conducting separate balloting, ERB ensured that the desires of the members of the smaller unit, the classified employees, would not be subverted by the desires of the certified employees in an election that was decided by a simple majority of all the votes cast. The separate balloting procedure was within ERB's discretion

---

[5] ORS 243.686 establishes the format for representation ballots and the method for determining the election results.

and allowed the agency to make sure that the desires of both groups were addressed.

■ ORS 243.682(1) enumerates factors that ERB must consider when it receives a petition for certification of a bargaining unit. They include

"community of interest, wages, hours and other working conditions of the employees involved, the history of collective bargaining, and the desires of the employees."

District contends that ERB did not properly consider those factors when it designated the combined unit as an appropriate bargaining unit. ERB made extensive findings about job duties, wages, hours, collective bargaining history, benefits and leaves, and hiring and training. It did consider the criteria listed in ORS 243.682(1), and it may determine how much weight to give each factor. *U of O Chapter, AFT v. U of O*, 92 Or App 614, 617-19, 759 P2d 1112 (1988); *OSEA v. Deschutes County*, 40 Or App 371, 376, 595 P2d 501 (1979).

District also contends that ERB's determination that the combined unit is appropriate is not supported by adequate findings. Our analysis of its second assignment necessarily rejects that proposition.

■ Finally, District argues that ERB failed to explain its deviation from previous cases in which it placed classified employees and teachers in separate bargaining units. *See* ORS 183.482(8)(b)(B). In its conclusions, ERB recognized that it usually certified separate bargaining units for certified and classified employees. However, it has also developed a policy that favors large and unfragmented bargaining units. *See U of O Chapter, AFT v. U of O, supra.* Here, the certified and the classified employees voted and expressed their desire to be recognized as a single unit represented by WEA. ERB's designation of a combined bargaining unit and its certification of WEA as the exclusive representative of that unit did not constitute a departure from the policy that it has developed.

Affirmed.