On respondent's motion to dismiss filed October 20, 1997, motion to dismiss denied
February 11, 1998

## LINN-BENTON-LINCOLN EDUCATION ASSOCIATION/OEA/NEA,
*Respondent,*

*v.*

## LINN-BENTON-LINCOLN ESD,
*Petitioner.*

(UC-22-96; CA A97730)

954 P2d 815

Monica A. Smith for motion.

Lisa M. Freiley, *contra*.

Before Landau, Presiding Judge, and Haselton and Armstrong, Judges.

HASELTON, J.

## HASELTON, J.

Linn-Benton-Lincoln Education Service District (employer) seeks judicial review of an Employment Relations Board order certifying the results of a "self-determination" election in which a majority of a group of preschool workers voted to be included in an already existing bargaining unit represented by the Linn-Benton-Lincoln Education Association (Union). Union moves to dismiss review, asserting that ERB's post-election certification order is not a "final order" within the meaning of ORS 183.480. We conclude that, unlike pre-election certification orders, the post-election certification order here is a "final order." Accordingly, we deny the motion to dismiss.

In April 1996, Union petitioned ERB for a unit clarification adding a group of preschool workers known as "Early Childhood Interventionists" to an already existing bargaining unit represented by Union. ORS 243.682(2)(a).[1] ERB initially denied the petition in February 1997. However, in April 1997, the Board issued an order on reconsideration, determining that it was appropriate, pending a self-determination election, to add the interventionists to Union's bargaining unit: "Consequently, interventionists must be included in Petitioner's bargaining unit if they choose, through a self-determination election, to be represented for purposes of collective bargaining."

A "unit clarification election" was then conducted under ERB's auspices, ORS 243.686, with a majority favoring representation by Union. On June 2, 1997, ERB issued a "certification of unit clarification results" pursuant to ORS 243.686(4),[2] which stated: "IT IS HEREBY CERTIFIED THAT the INTERVENTIONALISTS [*sic*] are added to the

---

[1] ORS 243.682 provides, in part, that ERB shall:

"(2) Investigate and conduct a hearing on a petition that has been filed by:

"(a) A labor organization alleging that 30 percent of the employees in an appropriate bargaining unit desire to be represented for collective bargaining by an exclusive representative."

[2] ORS 243.686(4) provides:

"The labor organization which receives the majority of the votes cast in an election shall be certified by the board as the exclusive representative."

existing unit represented by [Union]." Employer seeks review of that June 2, 1997, post-election certification order.

Union moves to dismiss, asserting that an election certification order is not reviewable because it is not a "final order" within the meaning of ORS 183.480(1). Invoking certain language in *Klamath Co. v. Laborers Inter. Union*, 21 Or App 281, 534 P2d 1169 (1975), Union contends that employer cannot challenge the certification order directly, but can only do so collaterally, in the context of an unfair labor practice proceeding; that is, in Union's view, employer must first refuse to bargain with the certified representative, "inviting" an unfair labor practice complaint, and, only by litigating that complaint, can employer challenge the certification order.

Employer counters that our discussion in *Klamath County* generally supports its view that the certification order is reviewable and that those portions of *Klamath County* that Union cites are inapposite to the issue of finality in this case. Employer further notes, correctly, that we have consistently accepted review of post-election ERB orders as "final orders." *See, e.g., Welches School Dist. v. Welches Education Assn.*, 116 Or App 564, 567, 842 P2d 437 (1992), *rev den* 316 Or 529 (1993); *Eugene School Dist. v. Sub. Teacher Org.*, 31 Or App 1255, 1257, 572 P2d 650 (1977). *See also DSLEA v. Division of State Lands*, 72 Or App 559, 563, 696 P2d 578 (1985) (noting authority).

In *Klamath County*, the employer sought review of an order by ERB's predecessor, the Public Employee Relations Board, determining that certain employees in the Klamath County assessor's office constituted an appropriate bargaining unit and ordering an election to determine whether those employees wished to be represented by the union. The union contended that review should be dismissed because the pre-election certification order was not a "final order" within the meaning of ORS 183.480. That statute provides, in part:

"(1)   * * * [A]ny person adversely affected or aggrieved by an order or any party to an agency proceeding is entitled to judicial review of a final order, whether such order is affirmative or negative in form.

"* * * * *

"(3) No action or suit shall be maintained as to the validity of any agency order except a final order as provided in this section [and other inapposite sections] or except upon showing that the agency is proceeding without probable cause, or that the party will suffer substantial and irreparable harm if interlocutory relief is not granted."

The statute does not define "final order." However, in *Klamath County*, we endorsed the following "definition" borrowed from other contexts as being specifically applicable to labor relations law:

" "* * * One of the tests in determining whether a judgment or decree is final is: "If no further action of the court is required to dispose of the cause, it is final." Other tests are: Is the order or decree one which determines the rights of the parties so that no further questions can arise before the court rendering it, except such as are necessary to be determined in carrying it into effect, or is the judgment or decree "one which concludes the parties as regards the subject-matter in controversy in the tribunal pronouncing it?" ' " 21 Or App at 287 (quoting *Winters et al v. Grimes et al*, 124 Or 214, 216-17, 264 P 359 (1928)).

*See City of Hermiston v. ERB*, 280 Or 291, 294-95, 570 P2d 663 (1977) (explicitly approving and applying *Klamath County's* "final order" definition: ERB order directing a certification election was not "final order"); *Lane Council Govts v. Emp. Assn.*, 277 Or 631, 637-38, 561 P2d 1012 (1977) (endorsing and applying *Klamath County's* "final order" test: ERB order denying a motion to dismiss bargaining unit certification proceedings was not "final order" and did not fall within ORS 183.480(3) exceptions to finality requirement).

Applying that analysis, we proceeded in *Klamath County* to examine the statutory and administrative procedures for certifying a bargaining representative. 21 Or App at 284-86. We concluded:

"[I]t is evident that the designation of an appropriate bargaining unit is but one step in a procedure which requires many decisions by PERB, and by itself, the designation has no legal consequences. Only when an exclusive bargaining agent is certified does the designation of the bargaining

unit begin to affect the employer. If, for example, an election is never held because all of the proposed bargaining representatives withdraw * * * or if the majority of the employes in the proposed bargaining unit vote for no representation, the designation of the appropriate bargaining unit will have no effect on the employer or on future PERB actions. * * *

"Since (1) the designation of an appropriate bargaining unit is but one step in the process of certifying a bargaining agent with whom the employer is obligated to bargain, (2) several other actions by PERB are necessary to complete the process, and (3) the designation could be of no effect if the employes vote for no representation, we hold that the designation of an appropriate bargaining unit is not a 'final order' as the term is used in ORS 183.480." 21 Or App at 286-87.

Finally, we rejected the employer's argument that the precertification order was nevertheless reviewable because it fell within exceptions to the "finality" requirement including, particularly, the "proceeding without probable cause" and "substantial and irreparable harm" exceptions that are now codified at ORS 183.480(3):

"Neither of these [exceptions] is applicable here. There is no showing that PERB acted without probable cause. The employer does not lose his right to raise objections he may have to the representation proceedings. After certification of a representative, the employer by refusing to bargain may 'invite' an unfair labor practice complaint * * *. In the hearing on such a complaint the employer may raise any claimed error in [the] representation proceeding, including the appropriateness of the designated bargaining unit." 21 Or App at 288-89.

Thus, *Klamath County*'s analysis of whether the pre-election certification order was a "final order" turned on three factors: (1) The pre-election certification was "but one step" in the process of certifying a bargaining agent; (2) other actions by PERB were necessary to complete the process; and (3) a subsequent adverse vote by the employees would render the certification order nugatory. Overarching those three specific considerations was our observation that the pre-election certification order, by itself, had "no legal consequences" for the employer. 21 Or App at 286.

Nothing in *Klamath County* suggests, much less holds, that certification orders can *never* be "final" orders—even if they are issued to confirm the results of a representation election—because such orders can only be challenged in the context of an unfair labor practice proceeding that the employer "invites" by refusing to bargain with the certified unit. Rather, that portion of the *Klamath County* opinion referring to "inviting" unfair labor practice proceedings addresses *exceptions* to the "final order" requirement. 21 Or App at 288-89. Thus, that discussion—which Union invokes here—is inapposite.

Nevertheless, as Union correctly notes, we have at least intimated that the availability of a collateral challenge in the context of an unfair labor practice proceeding bears on the question of whether an order is "final." *See, e.g., OPEU Local 503 v. Judicial Dept.*, 142 Or App 169, 176, 919 P2d 1200, *rev den* 324 Or 487 (1996) (ERB order setting aside results of mail-ballot election because union agents had hand delivered ballots to ERB's offices was reviewable "final order"); *Reynolds School Dist. v. OSEA*, 58 Or App 609, 611-12, 650 P2d 119 (1982) (ERB "unit clarification" order, which does not require subsequent election, was "final order"); *OSEA v. Deschutes County*, 40 Or App 371, 374, 595 P2d 501 (1979) (ERB order determining that proposed bargaining unit was *in*appropriate was a "final order"); *Port of Portland v. Municipal Emp. Local 483*, 27 Or App 479, 485, 556 P2d 692 (1976) (PERB order, which purported to add unrepresented employees to an existing bargaining unit without a representation election, was not a reviewable "final order").

None of those cases involved a post-election certification order. In each instance, the reference to *Klamath County*'s "inviting an unfair labor practice proceeding" language was *dictum*. In the three cases in which orders were deemed to be "final," our holdings turned on the principle that no further steps remained in the certification process. *See, e.g., OPEU Local 503*, 142 Or App at 176-77 ("The order is final * * * because it is the last step in the process through which the April 1995 election results would be certified or not."); *Reynolds School Dist.*, 58 Or App at 614 ("Because ERB's unit clarification order is not a part of the bargaining

unit certification procedure nor a step in a statutory procedure and because no further action by ERB is required to give the order legal significance, the rights of the parties have been finally determined."); *OSEA*, 40 Or App at 374 ("[T]he determination before us is that the proposed unit is *inappropriate*, which, unlike a finding of appropriateness, is not an intermediate step; if it stands, nothing further takes place, and it is, therefore, the final step." (Emphasis in original.)). In the fourth case, *Port of Portland*, a major theme of our analysis was that ERB's order adding previously unrepresented employees to an existing bargaining unit without an election was erroneous because a representation election was required; that, in turn, rendered the Board's order nonfinal. 27 Or App at 481-85. Given that premise, our subsequent reference to *Klamath County* for the proposition that an employer can collaterally attack an initial certification order through the defense of an unfair labor practice complaint, *id.* at 485, seems to have little, if any, bearing on the reviewability of a post-election certification order.

In contrast, in a number of other post-*Klamath County* cases, we have accepted review of post-election certification orders. *See, e.g., Welches School Dist.*, 116 Or App at 566-67 (reviewing post-election certification order; noting that petition for review of pre-election certification order had previously been dismissed); *Eugene School Dist.*, 31 Or App at 1257 (reviewing ERB's post-election order certifying the union as exclusive bargaining representative and subsequent order directing the employer to cease and desist from refusing to bargain with the union, but declining to review ERB order dismissing objections to conduct of election that preceeded the ultimate certification order). *Accord DSLEA v. Division of State Lands*, 72 Or App at 563-64 (dismissing petition for review of pre-election certification order as premature on the grounds that "the determination must be followed by an election"; noting that, although certain post-*Klamath County* cases "intimate that * * * the method to obtain judicial review of certification orders is to 'invite' an unfair labor practice action[,] * * * we have allowed review of a Board order *after an election* that certified a union as the

exclusive bargaining representative." (Emphasis in original.)). Indeed, we have never rejected review of a post-election certification order on the ground that it could be collaterally challenged by defending an "invited" unfair labor practice proceeding.

Thus, in two lines of cases, we have either taken, or signaled support for, conflicting positions. Our discussions have been *dicta* and, on those occasions when we have actually reviewed post-election certification orders as final orders, we have not explained why. That is, we have reviewed such orders without referring to our apparently contrary *dicta* in other cases.

■■ We now end that incongruity: A post-election certification order is a reviewable "final order." That conclusion, which is completely consonant with *Klamath County*, rests principally on three related considerations. First, once such an order issues, there remain no further "step[s] in the process of certifying a bargaining agent with whom the employer is obligated to bargain." 21 Or App at 287. That is, no "other actions [by ERB] are necessary to complete the process." *Id.* See ORS 243.686(4) ("The labor organization which receives a majority of the votes cast in an election shall be certified by the board as the exclusive representative.").

Second, the certification order has a present legal effect on the employer—the employer is presently and legally bound to bargain with the Union as the representative of the certified unit. *See* ORS 243.672(1)(e) ("It is an unfair labor practice for a public employer [to] * * * [r]efuse to bargain collectively in good faith with the exclusive representative."). Employer is, thus, forced to choose between bargaining with Union as the representative of the certified unit or committing an unfair labor practice by refusing to bargain.

Third, if Union is correct, employer must choose between (a) engaging in collective bargaining and, thus, forever forgoing any challenge to the certification order; or (b) risking an unfair labor practice citation as the only means to challenge the certification order. Nothing in ORS 183.480, or in principles of finality under Oregon's collective bargaining statutes as amplified in *Klamath County*, compels such a

Hobson's choice. A post-election certification order is final and subject to judicial review.

■　　Finally, we reject Union's argument that ERB's post-election certification orders should not be considered final because, under federal law, the orders of the National Labor Relations Board in representation disputes can only be reviewed in the context of an unfair labor practice charge. Although it is true that federal interpretations of the National Labor Relations Act are to be given "some weight" in interpreting similar provisions of Oregon's Public Employee Collective Bargaining Act, *Klamath County*, 21 Or App at 288, the Oregon and federal statutory schemes dealing with the reviewability of labor board orders are quite dissimilar. *See DSLEA v. Division of State Lands*, 72 Or App at 562-63. Unlike the federal scheme, review of ERB orders in Oregon is governed by the Oregon Administrative Procedures Act, ORS 183.480 *et seq*, which entitles an aggrieved party to immediate appellate review of all final orders. *Id.* Consequently, federal cases on reviewability of representation orders are materially distinguishable.

ERB's post-election certification order is a "final order." ORS 183.480.

Motion to dismiss denied.