Argued and submitted October 19, 1984, affirmed March 6, 1985

## 1000 FRIENDS OF OREGON,
*Petitioner,*

*v.*

## WASHINGTON COUNTY et al,
*Respondents.*

(83-ACK-216; CA A30795)

696 P2d 554

Robert E. Stacey, Jr., Portland, argued the cause and filed the briefs for petitioner.

Dan R. Olsen, Assistant County Counsel, Hillsboro, argued the cause and filed the brief for respondent Washington County.

Jeff Bennett, Assistant Attorney General, Salem, argued the cause for respondent Land Conservation and Development Commission. With him on the brief were Dave Frohnmayer, Attorney General, James E. Mountain, Jr., Solicitor General, and Michael B. Huston, Assistant Attorney General, Salem.

Before Richardson, Presiding Judge, and Warden and Newman, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Petitioner appeals from the Land Conservation and Development Commission's acknowledgment of Washington County's urban area comprehensive plan. Petitioner contends that the acknowledgment was inconsistent with LCDC's previously officially stated position and practice in its order acknowledging the Metropolitan Service District's regional urban growth boundary and its refusal to acknowledge the city of Hillsboro's comprehensive plan. ORS 183.482(8)(b)(B). We affirm.

MSD's UGB was acknowledged in January, 1980. It contained four enclaves of agricultural land, referred to as specially regulated areas (SRA). According to a continuance order issued by LCDC in September, 1979, in connection with the MSD acknowledgment proceedings:

"* * * Goal 14 contemplates initial establishment of urban growth boundaries no larger than needed to accommodate year 2000 growth. CRAG's boundary contains 76 percent more vacant land than will be needed by year 2000.

"MSD has stated repeatedly that if ordered to redraw its boundary, it could not rationally be drawn smaller. MSD has not clearly stated why.

"The Commission has reason to believe that it may as a matter of fact presently be impossible for MSD to draw a year 2000 boundary which fully conforms to all seven Factors of Goal 14. * * *"

Consequently, the continuance order stated that LCDC would "approve a larger boundary than 'needed' " if MSD were to develop "supplementary urban growth management strategies." One of the "strategies" MSD developed was the imposition of a conditional moratorium until 1990 on urban residential development within the SRAs. LCDC's findings in its order acknowledging the MSD UGB recite that MSD "is committed to continue to utilize the growth management strategies and timetables described," *inter alia,* in the resolution adopting the moratorium. However, the MSD acknowledgment order concludes:

"[LCDC] shall review land use actions as necessary, prior to acknowledgment of a city or county plan, to insure that the conversion factors in Goal 14 are achieved.

"Goal 3 shall be applied to [the SRAs] until the plans of

Washington County and affected cities' planning areas are acknowledged by [LCDC]."[1]

Two of the SRAs in the MSD UGB are also inside Washington County's UGB. However, the county plan does not contain a 1990 moratorium on urban development in the SRAs. Petitioner assigns as error[2] and argues that LCDC's acknowledgment of the county's plan is therefore inconsistent both with its order acknowledging the MSD UGB and with LCDC's orders requiring the city of Hillsboro to adhere to the 1990 moratorium or to devise an effective alternative for the SRA in its planning area. The county and LCDC argue, *inter alia,* that the 1990 moratorium and other features of the MSD's acknowledged UGB were interim measures and that the county's UGB was properly acknowledged, because it complies with Goal 14 itself and therefore does not have to contain the regulatory mechanisms extrinsic to the goal that were devised in the MSD acknowledgment process.

The difficulty with petitioner's assignment of error is

---

[1] Petitioner notes in its opening brief:

"Petitioner has pending, in Marion County Circuit Court, an appeal of LCDC's order acknowledging the [MSD] UGB filed under ORS 183.484. *1000 Friends of Oregon v. LCDC and Metro, No. 118213.* The case has been under advisement since April 29, 1982."

We are unaware of the current status of that proceeding. The parties have not asked that we stay our decision in this appeal until the appeal from the MSD acknowledgment is resolved. We are also not aware of the grounds for petitioner's appeal of the MSD acknowledgment. However, petitioner states in its brief here:

"LCDC's acknowledgment order for Washington County's urban plan, as it affected approximately 2,400 acres of farm land in the Bethany and Sherwood 'specially regulated areas,' is the farcical denouement to LCDC's 1979-80 decision acknowledging an urban growth boundary for the three-county Portland area. The Metropolitan Service District could not justify the amount of vacant agricultural land included in Washington County's portion of the regional UGB. However, LCDC acknowledged the UGB anyway, on the condition that Washington County's and affected cities' plans for the land within the UGB would protect agricultural lands on the fringe of the UGB from residential development until 1990—a classic '50-50' compromise between removing the land and allowing it to be urbanized."

[2] The assignment states:

"In acknowledging a plan that fails to prohibit urban residential development until 1990 in two 'specially regulated areas' within Washington County's urban growth area, LCDC acted in a manner inconsistent with its officially-stated position and its past practice. LCDC's explanation of its inconsistency is inconsistent with Goal 14, Urbanization, and is based upon erroneous interpretations of ORS 197.040(1)(c), 197.505 and 197.752."

either that it is aimed at the wrong acknowledgment order or that it makes the wrong point about the right order. If the MSD UGB is as the parties have described it to us here, it does not comply with Goal 14 and it was acknowledged on the condition that the land that was improperly included in it would be safeguarded against urban uses. Goal 14 provides the mechanism for and the factors to be considered in establishing a UGB; compliance with the goal cannot be achieved by allowing land that does not meet the goals criteria to be included in a UGB on the basis of a local agency's promise not to treat that land as really being in the UGB. However, petitioner's assignment of error here is not that the county's UGB violates Goal 14 for the same reason that MSD's does and should not have been acknowledged for that reason; the assignment is that LCDC's order was inconsistent with an earlier order that, insofar as the record and the arguments in *this* appeal disclose, was erroneous and inconsistent with Goal 14. Reduced to essentials, the county's assignment is that LCDC erred by not repeating its earlier error. That is not the kind of inconsistency that ORS 183.482(8)(b)(B) contemplates that agencies must explain or rectify. *See 1000 Friends of Oregon v. LCDC,* 72 Or App 443, 696 P2d 550 (1985); *Assoc. of Engineering Employes v. Dept. of Trans.,* 72 Or App 371, 695 P2d 961 (1985). It may be that the acknowledgment of the county's UGB was erroneous for other reasons, but petitioner gives us no basis for reversing it.

Affirmed.