Argued and submitted June 24, reversed and remanded in part, otherwise affirmed
December 9, 1987

## 1000 FRIENDS OF OREGON,
*Petitioner,*

*v.*

## LAND CONSERVATION
## AND DEVELOPMENT COMMISSION
(Morrow County),
*Respondent.*

(86-ACK-017; CA A39961)

746 P2d 238

Robert L. Liberty, Portland, argued the cause and filed the briefs for petitioner.

David G. Ellis, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave

Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Petitioner seeks review of LCDC's order acknowledging the comprehensive plan and land use regulations of Morrow County. The only assignment that requires discussion is petitioner's first, in which it challenges LCDC's approval of the county's "reasons" exception, ORS 197.732(1)(c), for the industrial use of 1,889 acres which lie outside the city of Boardman's urban growth boundary and which will comprise part of the contemplated Port of Morrow Industrial Park.

The county applied its general industrial (M-G) zone to the exception area. Petitioner argues, *inter alia*, that not all of the permitted uses in the M-G zone are port-related and consistent with the purpose of the exception and that some of the uses proposed to justify the exception are not permitted in the zone. In its brief, LCDC[1] agrees that, to be acknowledged, the exception area must be used for "port-related development, along with business to service that development." It also agrees that, "[f]acially, the county's exception and zoning allow development of general industry." LCDC argues, however:

"The county plan in clear language states an intent to attract port-related industry. However, the county applied its general industry zone to the site. LCDC's approval assumed that, notwithstanding the broad array of uses permitted in the zone applied, the industrial park that the county in fact develops, will be port related. If the county freely permits non-port-related development within the exception area so that it is not a port related industrial park, LCDC's assumption will have been incorrect. In that event LCDC may require more restrictive zoning when the county is brought into periodic review under ORS 197.640.[1]

"Allowing the county to apply its general industry zone avoids the potential for defining the types of uses too narrowly. This approach allows the county more flexibility in attracting port-related industry. However, the limitation that development be port related remains. LCDC is directed to allow for diverse planning capabilities of local government. ORS 197.040(1)(b). LCDC has, consistent with that charge, allowed this flexible approach to the Port of Morrow exception. Petitioners will have the opportunity, within 2 to 5

---

[1] The county has not appeared.

years, to establish that LCDC's assumptions were incorrect at periodic review. ORS 197.640.

---

"1

If LCDC's assumption is wrong, and the county permits development in violation of the purpose of the exception, it will constitute a 'substantial change in circumstances' rendering that portion of the county's plan not in compliance with the goals. ORS 197.640(3)(a)." (Footnote 2 omitted.)

■■ We cannot agree with the approach LCDC followed.[2] Whether a county's plan and regulations are in compliance with statewide land use standards must be determined as of the time of acknowledgment, and neither the success of a prediction nor the curative opportunity which periodic review affords is a basis for acknowledging local land use legislation which, on its face, does not comply with the state requirements. ORS 197.251; *see 1000 Friends of Oregon v. Washington County,* 72 Or App 449, 696 P2d 554 (1985).

We accordingly remand the industrial park reasons exception to LCDC for reconsideration. We note, for its guidance, that we have not decided in this opinion whether the uses which the county's zoning designation would allow in the exception area *do* violate state land use requirements. Our holding is that the *method* by which LCDC decided that question was incorrect and that it must consider whether the uses are *now* compatible with the state requirements.

Petitioner makes a number of arguments under its first assignment in addition to its contention concerning the zoning designation and the permitted uses. Those arguments would *not* warrant reversal of the order in themselves. However, LCDC's resolution on remand of the issue we have addressed, as well as any further county proceedings on that issue, may have an impact on other matters which bear on the compliance of the exception with the state standards. Our remand therefore is for reconsideration of the exception and is not restricted to the zoning and uses issue.

---

[2] The record is consistent with LCDC's explanation in its brief of the approach that it followed. We do not treat the statements in the brief as a judicial admission and have referred to LCDC's description of the approach in its brief only because it is more succinct and descriptive than is anything in the record.

Reversed and remanded for reconsideration of the reasons exception for the Port of Morrow Industrial Park; otherwise affirmed.