Argued and submitted March 19, affirmed May 9, reconsideration denied July 13, petition for review denied August 8, 1984 (297 Or 546)

CITY OF CANBY,
*Petitioner,*

*v.*

CANBY POLICE ASSOCIATION,
*Respondent.*

(C-218-82, C-235-82; CA A29410)

680 P2d 1033

Kathy A. Peck, Salem, argued the cause for petitioner. On the brief was Trent T. Whitford, Salem.

Will Aitchison, Portland, argued the cause for respondent. On the brief was Charlene Sherwood, Portland.

Before Gillette, Presiding Judge, and Joseph, Chief Judge, and Young, Judge.

YOUNG, J.

## YOUNG, J.

The City of Canby seeks judicial review of an order of the Employment Relations Board which dismissed the City's petition for bargaining unit redesignation of the Canby Police Department. The issue is whether ERB exceeded its statutory authority under the Public Employe Collective Bargaining Act (ORS 243.650-243.782) in designating an "appropriate bargaining unit" which consists of dispatchers, who are employes who may strike, ORS 243.726(1), and police officers, who are forbidden by ORS 243.736 from striking.[1] We affirm.

Appellate review is governed by ORS 183.482(8)(b):

"The court shall remand the order to the agency if it finds the agency's exercise of discretion to be:

"(A) Outside the range of discretion delegated to the agency by law;

"(B) Inconsistent with an agency rule, an officially stated agency position, or a prior agency practice, if the inconsistency is not explained by the agency; or

"(C) Otherwise in violation of a constitutional or statutory provision."

ERB has the responsibility for determining what is an appropriate bargaining unit. ORS 243.650(1);[2] ORS 243.682(1); *AFSCME v. Executive Dept.*, 52 Or App 457, 478 n 24, 628 P2d 1228 (1981). ORS 243.682(1) provides the framework for designation of an appropriate bargaining unit:

"If a question of representation exists, the board shall:

"(1) Upon application of a public employer, public employe or labor organization, designate the appropriate bargaining unit, and in making its determination shall consider such factors as community of interest, wages, hours and other working conditions of the employes involved, the history of collective bargaining, and the desires of the employes. The board may determine a unit to be the appropriate unit in

---

[1] ORS 243.736 provides:

"It shall be unlawful for any policeman, fireman or guard at a correctional institution or mental hospital to strike or recognize a picket line of a labor organization while in the performance of official duties."

[2] ORS 243.650(1) provides:

"(1) 'Appropriate bargaining unit' means the unit designated by the board to be appropriate for the purpose of collective bargaining."

a particular case even though some other unit might also be appropriate."

The parties stipulated that a community of interest exists between the dispatchers and the other employes in the existing bargaining unit. ERB recognized that police officers are statutorily precluded from striking and that dispatchers are not so precluded as an element in the consideration of the overall community of interest. It determined that the

> "[dispatchers], because of their community of interest with the remainder of the bargaining unit on other points, should not be excluded from the unit solely on the ground that they are 'strikeable' employes while the remainder of the unit consists of 'non-strikeable' employes."

ERB also noted that there are only four dispatchers and that

> "* * * if they are not included in the existing unit yet wish to be represented for the purpose of collective bargaining, that end could be accomplished (where as here there is no 'general' unit) only by creating a separate small unit of the sort that we have consistently frowned upon as fragmentary."[3]

ERB's conclusion is consistent with its decision in *Teamsters Union Local No. 223 v. Forest Grove Police Dept.,* 6 PECBR 5363 (1982), and *City of Tigard v. Tigard Police Officers' Assn.,* 6 PECBR 5495 (1982). The City argues that the effect of the "mixed" unit is to deprive the dispatchers of the right to strike and that such a deprivation is outside ERB's range of discretion and is in violation of the statutory scheme.

*AFSCME v. Executive Dept., supra,* concerned a bargaining unit consisting of non-strikeable prison guards and strikeable prison employes. We determined that binding arbitration applied to the entire mixed unit

> "[W]hen *some* members of a certified bargaining unit are prohibited by law from striking and required by law to resort to compulsory arbitration as a means to end labor disputes *all* members of those bargaining units are 'public employe[s] * * * included in an appropriate bargaining unit which provides for resolution of a labor dispute by referral to final and binding

---

[3] ERB also noted that, if "a greater percentage of the employes in the proposed bargaining unit would be deprived of the right to strike by being placed in a mixed unit, the result would probably be different."

arbitration * * *,' under ORS 243.726(1)." 52 Or App at 479. (Emphasis in original.)

We held that the *quid pro quo* of the loss of strike rights is the imposition of binding arbitration. The creation of the mixed unit is within the range of discretion delegated to the agency, does not violate the statute and is consistent with agency policy and previous rulings.

Affirmed.