Argued and submitted July 13, affirmed August 24, 1988

UNIVERSITY OF OREGON CHAPTER,
AMERICAN FEDERATION OF TEACHERS,
*Petitioner,*

*v.*

UNIVERSITY OF OREGON et al,
*Respondents.*

(RC-46-87; CA A46755)

759 P2d 1112

James S. Coon, Portland, argued the cause for petitioner. With him on the brief was Imperati, Barnett, Sherwood & Coon, P.C., Portland.

Jerome Lidz, Assistant Attorney General, Salem, argued

the cause for respondents. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Richardson, Presiding Judge, Newman, Judge, and Riggs, Judge pro tempore.

RICHARDSON, P. J.

Riggs, J. pro tempore, dissenting.

## RICHARDSON, P. J.

The University of Oregon Chapter of the American Federation of Teachers (AFT) petitioned ERB to designate a collective bargaining unit consisting of some but not all academic employes of the university.[1] The proposed unit would have included, *inter alia,* research associates and assistants, senior research associates and assistants, instructors and lecturers. Excluded from it, *inter alia,* would be "tenure track" faculty members, including professors, associate professors and assistant professors. ERB denied certification, and AFT seeks review. We affirm.

ORS 243.650(1) states:

" 'Appropriate bargaining unit' means the unit designated by the board to be appropriate for the purpose of collective bargaining."

ORS 243.682(1) provides:

"If a question of representation exists, the board shall:

"(1) Upon application of a public employer, public employe or a labor organization, designate the appropriate bargaining unit, and in making its determination shall consider such factors as community of interest, wages, hours and other working conditions of the employes involved, the history of collective bargaining, and the desires of the employes. The board may determine a unit to be the appropriate unit in a particular case even though some other unit might also be appropriate."

The principal basis for ERB's conclusion that the proposed bargaining unit was not an appropriate one was that it would contravene the policy, which ERB has developed in applying ORS 243.682(1), favoring the "largest possible appropriate unit in most situations." ERB explained:

"The large unit policy is designed to serve two basic purposes of the PECBA: the promotion of stability in labor relations and the establishment of greater equality of bargaining power between employers and employes. In *Teamsters Local 670 v. Linn County,* Case No. C-40-80, 5 PECBR 3081 (1980),

---

[1] In addition to the university, the Oregon State System of Higher Education is a respondent on review. We use the term "university" to refer to both.

this Board stated that generally it would not approve fragmentary units unless a group of employees had a clearly distinct community of interest or there existed other compelling reasons to do so.

"The AFT petition seeks to represent a portion or fragment—admittedly a large fragment—of the University faculty. The AFT contends that the employes comprised by its proposed unit have a community of interest among themselves that is not shared by other faculty members. It is true that in some respects—e.g., tenure, salary system, some other working conditions—the subject employes are treated differently by the University than are professors. However, in a line of cases, this Board previously has found that academic employes, including researchers, in state higher education institutions share a community of interest. *AAUP, et al. v. Oregon State University,* Case No. C-66-82, 6 PECBR 5604 (1983); *PSU Chapter of AAUP, et al. v. State System of Higher Education,* Case No. C-381, 3 PECBR 1678 (1978); *OSU Chapter of AAUP, et al. v. State Board of Higher Education,* Case No. C-375, 3 PECBR 1385 (1977). Essentially, we have adopted a policy that higher education institutions generally will have their employes divided into two large units: one for academic employes and another for nonacademic employes.

"In making those prior decisions, and thus developing that policy, this Board necessarily considered the factors listed in ORS 243.682(1). As a result of that consideration, we found that academic employes as a group have an overall community of interest and should constitute an appropriate bargaining unit." (Footnotes omitted.)

AFT's first assignment is that ERB's decision "was outside the range of discretion delegated to it by law and was a violation of statute." AFT appears to acknowledge that the legislature has given ERB policy discretion in applying the term "appropriate bargaining unit." We said in *OSEA v. Deschutes County,* 40 Or App 371, 595 P2d 501 (1979):

"Under ORS 243.682(1), the power to determine whether a group of employees is appropriate for a bargaining unit is vested in ERB, and the statute presumes ERB to have expertise. So long as the record taken as a whole, shows that the Board has applied the statutory criteria in making its determination and has supported it with adequate findings, we will defer to their expertise. The weight to be given the various

criteria in a given case is for ERB, not this court." 40 Or App at 376.

*See also City of Canby v. Canby Police Assoc.,* 68 Or App 317, 680 P2d 1033, *rev den* 297 Or 546 (1984).

■　AFT contends, however, that ERB's decision in this case totally disregarded the statutory factors. It states:

"Neither [ERB's] wall-to-wall [bargaining unit] preference nor the anti-fragmentation policy is mentioned in the statute. While it is appropriate for ERB to fashion policies consistent with the overall intent of the public employes collective bargaining statutes, ERB may not replace explicit statutory criteria with its own general policies."[2]

AFT's principal contention is that ERB predicated its decision only on the large unit and anti-fragmentation policies and failed to apply the criteria enumerated in ORS 243.682(1) for the designation of bargaining units. It is unclear whether AFT also contends that those policies are beyond the range of ERB's delegated discretion or are inconsistent with the general policy of the public employe collective bargaining statutes, and that ERB therefore cannot consider the policies *as well as* the criteria specified in ORS 243.682(1). If the latter point is intended, we do not agree with it. The preferences for large and unfragmented bargaining units are agency refinements of the statutory term "appropriate bargaining unit," and they are wholly consistent with the policy of the Public Employe Collective Bargaining Act. *See Springfield Education Assn. v. School Dist.,* 290 Or 217, 621 P2d 547 (1980).

■　Although AFT correctly points out that one of PECBA's purposes is to give public employes the ability to be represented by "labor organizations of their own choosing," ORS 243.662, the act also has the stated policy of "establishing greater equality of bargaining power between public

---

[2] AFT proceeds to describe the differences between the academic employes that it would include in the bargaining unit and the university's professorial rank employes and to particularize why the factors in ORS 243.682(1) militate in favor of the designation of the former as a separate bargaining unit. Those aspects of AFT's argument do not advance the inquiry. Given ERB's discretion in applying the statute and the fact that AFT does not challenge the evidentiary support for ERB's findings, the only issue is whether ERB failed to consider the statutory criteria sufficiently or at all; if it did, our disposition would be to remand for ERB to apply the criteria. There is no question before us now about whether the proposed bargaining unit *is* appropriate or about whether it *should* be designated.

employers and public employes." ORS 243.656(3). ERB was entitled to conclude that that and other PECBA policies are promoted by the largest and least divided possible bargaining units. AFT suggests that, to be consistent with the statutes, ERB's exercise of policy discretion in defining and designating "appropriate bargaining units" must make employe preference preeminent over other values and policies of PECBA. That suggestion is belied by the fact that ORS 243.682(1) makes the "desires of the employes" only one of several criteria which ERB may consider in its designation decisions. We note, too, that the criteria which that statute enumerates are preceded by the words "such factors as." ERB may consider other relevant factors, developed in the exercise of its policy discretion, in addition to those specified in the statute.

■        The closer question is whether, as AFT argues, ERB considered the large unit and anti-fragmentation policies to the exclusion of the enumerated criteria of ORS 243.682(1) in denying the designation petition. AFT states:

> "The Board's decision below does not contain an application of the statutory criteria: community of interest, wages, hours and other working conditions, history of collective bargaining and desires of the employees. The Board's reasoning is, in essence, that it will prefer a large unit and will not approve 'fragmentary' units. Indeed, the Board concedes that, with respect to job security (tenure), wages, and other working conditions, the non-tenure faculty are treated differently by the University than the Professor faculty. The Board also found as a fact, though it did not discuss in its conclusions of law, that the 'desires of the employees' were established by [AFT's] showing of interest and testimony of its witnesses, which was uncontradicted. The Board mentions no evidence which *in this case* tends to show that the bargaining unit [AFT] requested below was inappropriate.

> "The Board's only attempt to address the statutory criteria is found in its reference to past cases involving markedly different facts." (Emphasis AFT's.)

The difficulty with that argument is that it demonstrates something very different from what it attempts to show: It shows that ERB *did* consider wages, working conditions and desires of employes. Moreover, as noted earlier in our discussion, ERB gave substantial consideration to the

community of interest factor. What AFT succeeds in demonstrating is not that ERB disregarded the ORS 243.682(1) criteria, but that it concluded that the proposed bargaining unit was inappropriate after it considered and assigned weight to those criteria. That is precisely what we held in *OSEA v. Deschutes County, supra,* that ERB has the authority to do, free of judicial intervention.

We reject AFT's first assignment. It makes two others, both of which challenge ERB's decision as being inconsistent with its previously stated positions or practices, ORS 183.482(8)(b)(B), and both of which are without merit.

Affirmed.

**RIGGS, J., pro tempore,** dissenting.

I dissent, because the majority opinion perpetuates ERB's almost exclusive reliance on "wall-to-wall" or anti-fragmentation bargaining unit configuration in academic representation cases. I recognize that ERB is to be given latitude in fashioning policies for interpretation of ORS 243.682(1), as the legislature intended and in accordance with past decisions cited by the majority. I also recognize that the largest possible appropriate bargaining unit is often the best unit. Fragmentary units lacking a clear community of interest cannot serve the process effectively. At some point, however, the disadvantages of multiple units must be balanced with the desirability of providing collective bargaining democracy through employes' preference.

I do not believe that this record indicates that ERB has applied appropriate priorities of the factors necessary to reach the result the majority condones. The majority seems willing to concede to ERB, not only the right to select a single, nonstatutory criterion for unit configuration if it chooses to do so, but also to all but ignore size of the unit as a reflection of employe desire. Although it is true that desires of employes is only one of several criteria ERB may consider in its designation of units, employes' desires should be given greater relative priority in proportion to the proposed unit size. In other words, when a substantial number of employes, as here, clearly indicate a preference for a particular unit configuration, ERB should assign a relatively high priority to that factor. Only when there is a compelling reason for denying or

selecting a competing unit configuration on the basis of "wall-to-wall" preferences should ERB discount the demonstrated substantial desire of those employes who propose to participate. To do otherwise amounts to the inappropriate substitution of ERB's preference for the statutory criteria.

The majority dismisses petitioner's arguments by claiming that the record indicates careful, weighted consideration of all relevant factors. I do not agree. To the contrary, it appears to me that, notwithstanding the claims in its brief, ERB has chosen its anti-fragmentation policy as the overriding criterion with minimal lip service to important statutory factors. It is almost impossible to have a bargaining unit that is entirely homogeneous, but I suspect that, if appropriate priorities were assigned to the relevant factors by ERB in this case, any lack of community of interest in the proposed unit would be relatively insignificant.

We should not abdicate our oversight role by merely rubber-stamping any result that ERB proclaims so long as there is the barest color of appropriate ERB consideration. Instead, we should require ERB to state generally but clearly the relative priorities that it has assigned to the statutory and other factors which it used in the decision making process. Only then can we provide meaningful review on appeal. I believe that that is what the legislature intended. I would remand.