Argued and submitted July 18, affirmed August 21, petition for review withdrawn December 23, 1996 (324 Or 488)

ILWU MARINE SUPERCARGOES &
CLERKS LOCAL 40,
*Petitioner,*

*v.*

PORT OF PORTLAND
(MARINE TERMINAL SUPERINTENDENTS),
*Respondent.*

(RC-3-95)

ILWU MARINE SUPERCARGOES &
CLERKS LOCAL 40,
*Petitioner,*

*v.*

PORT OF PORTLAND
(MARINE TERMINAL PLANNER),
*Respondent.*

(RC-5-95; CA A90392)

921 P2d 429

Kimberley Chaput argued the cause for petitioner. On the brief was Kevin Keaney.

Kenneth E. Bemis argued the cause for respondent. With him on the brief was Bullard, Korshoj, Smith & Jernstedt.

Before Riggs, Presiding Judge, and Landau and Leeson, Judges.

PER CURIAM

Affirmed. *U of O Chapter, AFT v. U of O*, 92 Or App 614, 759 P2d 1112 (1988).

Riggs, P. J., dissenting.

**RIGGS, P. J.,** dissenting.

The Employment Relations Board (ERB) dismissed two petitions for certification of a bargaining unit representative, filed by ILWU Marine Supercargoes & Clerks Local 40 (Local 40). The petitions sought to designate Local 40 as the representative of two bargaining units consisting of superintendents and planners at Marine Terminal 6 of the Port of Portland, a public employer. Local 40 has filed this petition for judicial review, contending that in dismissing its petitions ERB erred as a matter of law by failing to give preference to the desires of the employees as required by statute, ORS 243.662, by failing to apply the statutory criteria set out in ORS 243.682(1), and by giving preference to its own policy favoring "wall-to-wall" bargaining units.

For the reasons expressed in my dissenting opinion in *U of O Chapter, AFT v. U of O*, 92 Or App 614, 620, 759 P2d 1112 (1988), I would reverse ERB's order and remand it for reconsideration under the appropriate statutory criteria.